**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

D: +1 212 225 2785
amainoo@cgsh.com

VICTOR I. LEWKOW
THOMAS J. MOLONEY
DAVID G. SABEL
JONATHAN I. BLACKMAN
YARON Z. REICH
RICHARD S. LINCER
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
LEONARD C. JACOBY
SANDRA L. FLOW

FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE

DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
NEIL R. MARKEL
KENNETH S. BLAZEJEWSKI
ANDREA M. BASHAM
LAURA BAGARELLA
SHIRLEY M. LO
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

June 20, 2019

**VIA EMAIL AND ECF**

Hon. Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

     Re:    *Rudersdal, EOOD, et al. v. Harris, et. al.*, Case Nos. 18-cv-11072, 19-cv-01762
          (S.D.N.Y)

Dear Judge Lehrburger:

In accordance with the Court's June 3, 2019 Order, Defendant Bulgartabac Holding AD ("Bulgartabac") submits this response on behalf of itself and Defendants First Investment Bank, AD ("Fibank"), Tseko Todorov Minev, and Ivailo Dimitrov Mutafchiev (collectively, the "Fibank Defendants"); Tabak Market, AD (now known as Lafka Market, AD), Cibole Services Incorporated, Bulgaria, EOOD, Asteria BG, EOOD (a/k/a Droslian Bulgaria, EOOD), Vili Vist, EAD, and Promishleno Stroitelstvo Holding, EAD (collectively, the "Bulgarian Company Defendants"); Delyan Slavchev Peevski; Intrust PLC (f/k/a NSN Investment EOOD) ("NSN"); Philip Robert Harris; Eaton Vance Structured Emerging Markets Equity Fund, LLC ("EV LLC"); and The Bank of New York Mellon Corporation ("BNYM") in opposition to Plaintiffs' June 13, 2019 letter setting forth the issues on which they seek jurisdictional discovery ("Plaintiffs' Letter"). Plaintiffs are not entitled to jurisdictional discovery or discovery on forum non conveniens.[1]

---

[1] Plaintiffs have stated that they intend to file an amended complaint. Plaintiffs' May 21, 2019 Pre-Motion Letter, ECF No. 118.

Hon. Robert W. Lehrburger, p. 2

I.  **Plaintiffs Are Not Entitled to Jurisdictional Discovery**

> A.  **Plaintiffs Fail to Make a Prima Facie Showing of Personal Jurisdiction or to Allege Specific, Non-Conclusory Facts Supporting Discovery**

Plaintiffs' request for jurisdictional discovery should be denied because they have not established a prima facie case for personal jurisdiction over Bulgartabac, the Fibank Defendants, the Bulgarian Company Defendants, Delyan Peevski, NSN (now known as Intrust PLC), Philip Robert Harris, or EV LLC.  *See Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 401 (2d Cir. 2009) ("A district court . . . is typically within its discretion to deny jurisdictional discovery when the plaintiff [has] not made out a prima facie case for jurisdiction.") (citations and internal quotation marks omitted).  In the alternative, jurisdictional discovery is not appropriate because Plaintiffs have failed to assert specific, non-conclusory facts that support the assertion of jurisdiction.  *See Aaron Consulting Co., LLC v. Snap Sols. LLC*, No. 16-CV-6775, 2018 WL 4568800, at *8 (E.D.N.Y. Sept. 24, 2018) ("[J]urisdictional discovery is only appropriate when Plaintiff has asserted specific, non-conclusory facts that, if further developed, could demonstrate substantial state contacts.") (citation and internal quotation marks omitted).

Plaintiffs have not made any discernible factual allegations supporting the exercise of general or specific jurisdiction.  As to general jurisdiction, they have not alleged any facts establishing that these Defendants' "affiliations with the State are so continuous and systematic as to render [them] essentially at home" in New York.  *In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 38 (2d Cir. 2014) (citation and internal quotation marks omitted). Therefore, discovery concerning alleged contacts with the forum that are unrelated to Plaintiffs' claims is irrelevant.  Nor have Plaintiffs alleged any facts establishing a substantial relationship between their claims and any contacts these Defendants have with New York, as required for specific jurisdiction.  *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) ("[a] suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York") (citation and internal quotation marks omitted).  It is readily apparent from the Complaints that the relevant events took place in Bulgaria.  Thus, the extensive discovery Plaintiffs seek is, on its face, irrelevant and unwarranted.

> 1.  **Harris**

Plaintiffs' Complaints make nothing more than conclusory, non-fact-specific jurisdictional allegations with respect to Defendant Harris's alleged connections to New York.  *See* ECF No. 1 ¶¶4, 12-17.  In an attempt to cure this facially apparent pleading defect, Plaintiffs' Letter cites "Ayr Logistic[s] Limited's signing of the Reorganization Plan with Plaintiffs with a New York forum selection clause and U.S. choice of law clause (ECF No. 1, Ex. D.)" as the basis of their jurisdictional showing with respect to Mr. Harris.  Plaintiffs' Letter at 2.  However, Mr. Harris is not a party to the agreement cited by Plaintiffs.[2]  *See* ECF No. 1, Ex.

---

[2] Ayr Logistics Limited, Inc. ("Ayr") is the only non-Plaintiff that is allegedly a party to the agreement.  And, importantly, Plaintiff Zahari Tomov signed the agreement on behalf of Ayr, not Defendant Harris.  *See* ECF No. 1, Ex. D at 10.  "[T]he Court considers the contacts that the 'defendant *himself* creates with the forum,' not the

Hon. Robert W. Lehrburger, p. 3

D.  Moreover, even if Mr. Harris were a party to the agreement, it would provide for jurisdiction in Texas, not New York.  The agreement cited by Plaintiffs states that any dispute the parties are unable to settle related to "[a]ll matters arising from this Agreement including, but not limited to interpreting the will of the parties thereto, the validity of the Agreement, fulfillment of the parties' obligations, the consequences from the performance of this Agreement, its violation and the consequences therefrom" shall be resolved by "the competent court having jurisdiction over the principal place of business of Ayr."  *See* ECF No. 1, Ex. D at 7-8.  Ayr's principal place of business was at all relevant times located in Rockwall, Texas.  Thus, Plaintiffs have not made (and cannot make) a prima facie showing of a substantial connection between Mr. Harris and New York.  As a result, he should not be subjected to the time and expense that would accompany the draconian jurisdictional discovery requested by Plaintiffs.

## 2.  The Fibank Defendants

Plaintiffs' proposed discovery requests to the Fibank Defendants are a classic example of "unfounded fishing expedition[s] for jurisdictional facts" that the Southern District of New York has long considered inadequate to trigger jurisdictional discovery.  *See Wallert v. Atlan*, 141 F. Supp. 3d 258, 287 (S.D.N.Y. 2015).  Plaintiffs identify three topics of discovery relating to Fibank (and seek no discovery from the Fibank shareholders).  Plaintiffs' Letter at 2.  Each of the three topics has no relevance to the jurisdictional issues presented.  First, Plaintiffs say they want information regarding an alleged "FAA license for operation of an airline out of New York."  This supposed FAA license is not referenced in the Complaints, would not establish jurisdiction, and in any event, does not exist.[3]  Second, Plaintiffs request "communications to the U.S. generally and specifically, in particular regarding solicitation of shareholders and communications with its known U.S. shareholders," an extraordinarily broad request and one that, on its face, could yield no jurisdictionally relevant information.  Third, Plaintiffs request "documentation and information of all U.S. shareholders and activity related thereto as to the[ir] claims."  This request, too, is wildly overbroad and is not reasonably calculated to lead to information that could be relevant to establish jurisdiction.  Plaintiffs "cannot put [Fibank] through the costly process of discovery, even discovery limited to jurisdictional matters, simply because it thinks that it can probably show significant contact with the state of New York if discovery were to proceed."  *Royalty Network Inc. v. Dishant.com, LLC*, 638 F. Supp. 2d 410, 425 (S.D.N.Y. 2009); *see also Eternal Asia Supply Chain Mgmt. (USA) Corp. v. Chen*, No. 12 CIV. 6390, 2013 WL 1775440, at *10 (S.D.N.Y. Apr. 25, 2013) ("[I]f [a] plaintiff offers only speculations or hopes . . . that further connections to [the forum] will come to light in discovery, the court should dismiss the complaint without allowing discovery.") (citation and internal quotation marks omitted).

---

plaintiff's connections to the forum."  *Amtrust Fin. Servs., Inc. v. Lacchini*, 260 F. Supp. 3d 316, 328-29 (S.D.N.Y. 2017) (emphasis in original).

[3] Plaintiffs first made their false accusation regarding Fibank and an FAA license in their May 21 Pre-Motion Letter to the Court.  After an email exchange with counsel for Fibank, *see* Exhibits A and B hereto, Plaintiffs withdrew their assertions and submitted a new version of their May 21 letter to the Court, with all references to the FAA license deleted.  That Plaintiffs now identify the made-up FAA license issues as their first subject of discovery regarding Fibank underscores why jurisdictional discovery is inappropriate here.

Hon. Robert W. Lehrburger, p. 4

### 3. Peevski and NSN

With respect to Defendants Delyan Peevski and NSN, Plaintiffs seek discovery about "communications, solicitations, and activities in the U.S., particularly regarding lobbying activity . . . ." Plaintiffs' Letter at 2. Not only do the Complaints say nothing about any purported "lobbying activity" by Mr. Peevski or NSN, they contain no allegations whatsoever tying these Defendants to New York, or to the United States as a whole. The "jurisdictional" discovery Plaintiffs seek concerning Mr. Peevski and NSN is, at best, thinly disguised merits discovery. Plaintiffs want discovery about unspecified "financial transactions related to their role in helping orchestrate the civil conspiracy that is the foundation of Plaintiffs' claims," *id.*, but these alleged transactions are entirely untethered to the United States. Communications with Defendants Harris and Ayr Logistics Limited, alleged debts to CCB and partial ownership of Bulgartabac, and the supposed "orchestration of [a] media fear campaign" in Bulgaria, *id.*, also have no nexus to New York or the United States, making those subjects inappropriate topics for jurisdictional discovery. *See* Compl. ¶¶ 167, 171, 185. Plaintiffs may not seek jurisdictional discovery in a futile effort to rectify the Complaints' failure to allege a single jurisdictionally significant fact about Mr. Peevksi and NSN.

### 4. Bulgartabac

Plaintiffs purport to seek discovery as to Bulgartabac regarding all communications and solicitations in and to the United States, and legal actions brought or defended by it in the United States (including prior litigation in New York), in support of jurisdiction under the civil conspiracy provision of New York's Long-Arm statute and general jurisdiction under Rule 4(k) of the Federal Rules of Civil Procedure. Plaintiffs' Letter at 2. Plaintiffs' allegations do not warrant jurisdictional discovery under either theory. "[T]he bland assertion of conspiracy . . . is insufficient to establish personal jurisdiction" for the purposes of section 302(a)(2). *Laborers Local 17 Health & Ben. Fund v. Philip Morris, Inc.*, 26 F. Supp. 2d 593, 602 (S.D.N.Y. 1998) (quoting *Lehigh Val. Indus., Inc. v. Birenbaum*, 527 F.2d 87, 93-94 (2d Cir. 1975)) (internal citations omitted). To establish jurisdiction based on a conspiracy, "the plaintiff must allege both a prima facie case of conspiracy and allege specific facts warranting the inference that the defendants were members of the conspiracy and set forth evidentiary facts to connect the defendants with transactions occurring in the United States." *Id.* at 601-02. Plaintiffs have not met their burden. Nor does the discovery that Plaintiffs seek regarding communications, solicitations, or litigation in the United States support a showing that Bulgartabac is "at home" in New York or the United States. Finally, the discovery Plaintiffs seek "to determine how and to whom The Funds were distributed and used to effectuate that privatization" is not relevant to jurisdiction (or to any actionable claims, for that matter).

### 5. Bulgarian Company Defendants

Plaintiffs do not identify any basis to seek jurisdictional discovery from the Bulgarian Company Defendants. Plaintiffs identify two topics of discovery relating to the Bulgarian Companies, but neither is viable. First, Plaintiffs state that they intend to seek discovery of "any and all communications, solicitations, and activities in the U.S., including with Defendants

Hon. Robert W. Lehrburger, p. 5

Harris and Ayr."  Plaintiffs' Letter at 4.  But Plaintiffs do not identify any "communications, solicitations, or activities" between the Bulgarian Companies and the U.S. entities that they expect jurisdictional discovery will uncover.  Nor do Plaintiffs provide any basis for believing that the Bulgarian Companies have any U.S. contacts of any kind that could support jurisdiction here.  *See Smit v. Isiklar Holding A.S.*, 354 F. Supp. 2d 260, 263 (S.D.N.Y. 2005) (Plaintiff must indicate that "discovery is likely to uncover additional facts supporting jurisdiction").  Instead, Plaintiffs' overbroad request is yet another example of an impermissible fishing expedition for "any and all" contacts between Defendants and the United States.

Second, Plaintiffs state that they seek discovery of each of the Bulgarian Companies' "terms, decision makers, legislation (if any), board of directors and/or shareholders resolutions, and justifications for accepting The Funds in the form of payoffs of their loans and/or debts with [Fibank] and CCB and new loans thereafter."  Plaintiffs' Letter at 4.  This is merits discovery that has nothing to do with the Bulgarian Companies' contacts with the United States.  Like Plaintiffs' first request, it is also overbroad and not reasonably calculated to lead to discovery of contacts that could give rise to personal jurisdiction in the United States.

## 6.  EV LLC

As a threshold matter, Plaintiffs' request for discovery from Eaton Vance Management is palpably improper since Eaton Vance Management is not named as a Defendant in the Complaints.  Plaintiffs purport to have effected service on the Defendant identified in the Complaints' captions as "Eaton Vance Structured Emerging Markets Equity Fund, LLC" by service on Eaton Vance Management, a trust with a principal place of business in Boston, Massachusetts.  Following receipt of Plaintiffs' summons and with full reservation of rights, counsel for Eaton Vance Management appeared in the action on behalf of the named Defendant, without prejudice to jurisdictional objections.  In pre-motion and Rule 11 correspondence between Plaintiffs and counsel appearing for Defendant EV LLC, Plaintiffs have acknowledged that EV LLC was cancelled in March 2009.  A second entity supposedly affiliated with Eaton Vance Management is identified in the body (but not the caption) of the Complaints as "Eaton Vance Structured Emerging Markets, Inc."  Eaton Vance Structured Emerging Markets, Inc. ("EV Inc.") does not exist, a fact that Plaintiffs do not dispute.

The conclusory, false allegations of the Complaints fail to establish a *prima facie* case for the exercise of personal jurisdiction by a federal district court located within the State of New York over either the defunct EV LLC or the nonexistent EV Inc.  Other than its appearance in the caption, the Complaints contain no reference to EV LLC.  The Complaints' sole jurisdictional allegations regarding EV Inc. are that it "comes under the management of Eaton Vance Management in New York, New York" and that it has a "principal place of business in Boston, Massachusetts . . . with operations in New York City, New York."  Compl. ¶ 39.  Absent from the Complaints are allegations of injury to a person or property in the State of New York caused by EV Inc., EV LLC or, indeed, by any other Defendant.  The Complaints also contain no allegations tying EV Inc. or EV LLC to any purported conspiracy involving New York contacts.  Under the principles identified *supra* at 2, the allegations of the Complaints are insufficient to justify jurisdictional discovery.

Hon. Robert W. Lehrburger, p. 6

### 7.   Bank of New York Mellon

Plaintiffs state that they will seek "jurisdictional" discovery from BNYM concerning "all communications and solicitations received or stock purchase negotiations" and  "any proceeds, funds, distributions, dividends or benefits received by or through any other Defendants." Plaintiffs' Letter at 4.  Plaintiffs' position is preposterous.  BNYM does not contest that it is subject to personal jurisdiction in New York and, as a result, no "jurisdictional" discovery is warranted.  *See* ECF No. 93.  And even if BNYM contested personal jurisdiction, the documents Plaintiffs seek—BNYM's purported purchase of Fibank's stock—is unrelated to the question of whether BNYM (or any other Defendant) is subject to the Court's jurisdiction.  At bottom, Plaintiffs improperly seek fact discovery from BNYM in support of their theory that any person or entity that purchases (whether as a custodian or otherwise) a minority shareholder interest in a corporation can be sued along with that corporation in any tort action against the corporation. The Court should reject Plaintiffs' bad faith tactics.

### B.   Plaintiffs' Proposed Requests Are Vastly Overbroad

The discovery that Plaintiffs seek is vastly overbroad.  "Jurisdictional discovery should necessarily be aimed at a defendant's contacts with the forum state."  *In re Herald, Primeo & Thema Funds Sec. Litig.*, No. 09 CIV. 2032, 2011 WL 4056819, at *3 (S.D.N.Y. Sept. 8, 2011). Yet, rather than specifically target their discovery requests at jurisdictional issues, Plaintiffs seek a broad swath of discovery not only from Defendants, but also from third parties.  *See supra* at 3-6; Plaintiffs' Letter at 3 (discussing information sought from HSBC concerning the movement and distribution of funds for carrying out business regarding the Silver Beach Project); *id.* (addressing information sought from shareholder concerning any dividends or reinvestment of dividends received).  Plaintiffs' request for "jurisdictional" discovery is nothing more than a masquerade for extensive merits discovery and should be denied.  *See Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185-86 (2d Cir. 1998) (recognizing that foreign defendants should not be subjected to the heavy burden of substantial jurisdictional discovery on the basis of conclusory, non-fact-specific jurisdictional allegations).

### II.   Discovery on Forum Non Conveniens Is Unwarranted

Plaintiffs are not entitled to discovery on forum non conveniens.  As the Second Circuit has recognized, "[m]otions to dismiss for forum non conveniens may be decided on the basis of affidavits," and indeed "[r]equiring extensive investigation would defeat the purpose of [the] motion."  *Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (internal citations omitted); *see also In re Herald*, 2011 WL 4056819, at *4 ("the well established practice in this Circuit is to decide *forum non conveniens* motions on the basis of affidavits or declarations alone") (quoting *Alcoa S.S. Co. v. M/V Nordic Regent*, 654 F.2d 147, 158-59 (2d Cir. 1980) (en banc)).  Consistent with the decision by the U.S. Bankruptcy Court for the Northern District of Texas granting Fibank's motion to dismiss another lawsuit related to the Silver Beach Project, the allegations in the Complaints confirm that documents and witnesses relevant to Plaintiffs' claims are located in Bulgaria, the property at issue is located in Bulgaria, the dispute involves contracts entered into in Bulgaria by Bulgarian corporations and citizens, and Bulgaria is an

Hon. Robert W. Lehrburger, p. 7

available and adequate forum.  *See* Mem. Op. & Order, *Mims v. First Investment Bank AD*, No. 16-03138 (N.D. Tex. Bankr. May 15, 2017).  To the extent that Plaintiffs "expect to adduce evidence" to the contrary, Plaintiffs' Letter at 2, they are free to submit affidavits opposing the motions to dismiss.  They have not shown that discovery on forum non conveniens is warranted.

      For all the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' request for discovery on all jurisdictional and forum non conveniens issues.

Respectfully submitted,

/s/ Abena A. Mainoo
Abena A. Mainoo

cc:   Counsel for all parties (via ECF)