IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| Ayr Logistics Limited Inc., ) | |
| ) | Case No. 14-34940-bjh-7 |
| Debtor, ) | |
| ) | |
| ) | |
| Jeffrey H. Mims, Chapter 7 Trustee for ) | |
| Ayr Logistics Limited Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proceeding No. 16-03138-bjh |
| ) | |
| First Investment Bank AD and ) | |
| Ayr Property Development AD, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DECLARATION OF CHAVDAR ANGELOV ANGELOV

I, Chavdar Angelov, declare, pursuant to 28 U.S.C. § 1746(1), under penalty of perjury under the laws of the United States of America that:

1. I am over twenty-one (21) years of age, of sound mind, and capable of making this Declaration. All of the facts and statements contained herein are within my personal knowledge and are, in all things, true and correct.

2. I am a Bulgarian citizen, permanently residing in Varna, Bulgaria at a tourist lodge in the Aladzha Manastir locality, Primorski Region; e-mail: allseas.chavdar@gmail.com. I am fluent in both written and spoken English. I graduated the Naval Academy and acquired a M.Sc. degree in Navigation for a practicing Master on board all merchant ships.

3. Within 1995 - 2012 I was a Green Card holder entitled to be a permanent resident of the USA.

4. Acting as a person who enjoyed the rights granted by the laws of the USA and more specifically the right to reside, own property and work in the USA, I agreed to make this statement that to the best of my knowledge the facts outlined below are true and correct.

1

5. I hereby make this declaration in the full knowledge that the facts I confirm below are directly related to the claims filed by the Trustee in Bankruptcy for Ayr Logistics Limited, Inc. ("Ayr") against the Defendants in Adv. Proceeding No. 16-03138-bjh, namely Ayr Property Development AD ("APD") and First Investment Bank AD ("FIB").

6. On April 21, 2017 I received a copy of the Complaint (Doc.1 filed on October 10, 2016 and Doc.7 filed on 11/04/16), a copy of APD's Answer to Plaintiff's Complaint (Doc.21, filed on January 17, 2017), a copy of FIB's Motion to Dismiss the Complaint (Doc.22, filed on January 17, 2017), a copy of APD's Memorandum in Support of the Complaint (Doc.30, February 8, 2017), which were produced to me as attachment to Request of Ref. No.386 submitted by Attorney Zahari Tomov acting as the Special Bulgarian Counsel for Ayr Trustee in furtherance of the Order issued by the United States Bankruptcy Court for the Northern District of Texas on May 10, 2016 in case No. 14-34940-bjh-7, a copy of which Order has also been made available to me.

7. I hereby make this Declaration in response to Counsel Tomov's request contained in his letter of Ref. 386 of April 21, 2017 asking me to disclose the truth and declare the facts known to me in regard with the funding process and the subsequent money transfers carried out from the bank accounts opened with FIB and held by Port Investment Development – Bulgaria 2 EAD ("PIDB2"), All Seas Property 2 OOD ("ASP2") and Asset Management EAD ("Asset"), notably the following money transfers made-

   - In 2007 to the beneficiary of the payment *All Seas Management Ltd.* of the Marshal Islands (ASM) holding a bank account with the Bank of Valletta, the Republic of Malta, in the total amount of 24,320,000 Euros, which money originated from Bank Loan Agreement No. 39 KP-AA-2510;

   - In 2008 to the beneficiary of the payment *All Seas Management Ltd.* of the Marshal Islands (ASM) holding a bank account with the Bank of Valletta, the Republic of Malta, in the total amount of 2,500,000 Euros, which money originated from Bank Loan Agreement No. 14LD-L-000002;

   - In 2009 to the beneficiary of the payment *First Investment Bank AD* (FIB) in the total amount of 5,618,000 Euros, which money originated from Bank Loan Agreement No. 14LD-L-000006;

   - In 2009 to the beneficiary of the payment *Blue Finance Limited* holder of a bank account with the Bank of Valletta, the Republic of Malta in the total amount of 2,000,000 Euros, which money originated from Bank Loan Agreement No. 14LD-L-000006;

8. Bank Loan Agreement (BLA) No. 39 KP-AA-2510 was signed on 22 November 2007 for 30 million euros and FIB extended it for the purpose of funding the purchase of the Silver Beach Project from Port Investment & Development, Inc., Delaware, USA. *Please see* the Economic Rationale attached to the credit application. (**Exhibit 1**).

2

9. A portion of the funds so borrowed under the said BLA in the amount of 24,320,000 euros was transferred to ASM's account with the Bank of Valetta in the form of an intercompany loan dated 23 November 2007. The payment was authorized both by FIB and me. *Please see* the payment documents (**Exhibit 2**). The Intercompany Loan Contract (**Exhibit 3**).

10. Bank Loan Agreement No.14LD-L-000002 for 2,500,000 euros was signed to ensure funding for the Silver Beach Project acquisition transaction, which at the time Port Investment Development – Bulgaria 2 EAD (**PIDB2**) had already cancelled. PIDB2 cancelled the said transaction back in 2007, on Decembr 17, 2007 when the amount of 24,320,000 euro borrowed under BLA No. 39 KP-AA-2510 on 22 November 2007 was transferred to ASM's account with the Bank of Valetta. Please see the application for an extra loan (**Exhibit 4**), the relevant payment docuemnts (**Exhibit 5**) and the cancellation of the Silver Beach lands purchase (**Exhibit 6**).

11. The funds borrowed under BLA No.14LD-L-000002 were again transferred to ASM's account with the Bank of Valetta and, again, in the form of an intercompany loan dated 23 November 2007. The payment was authorized both by FIB and me. *Please see* the Certificate of registration on All Seas Property 2 OOD (**Exhibit 7**).

12. The money lent under BLA No. 014LD-L-000006 of December 29, 2009 was used to finance Blue Finance Ltd.'s transaction of December 22, 2009. The amount of 2 million euros out of the 8 million euros borrowed was transfered to Blue Finance's bank account and another amount of 5,618,000 euros was assumed by FIB. The said transfer transactions were authorised by FIB and me. *See* the payment documents (**Exhibit 8**), the declaration of Asset Management EAD dated November 23, 2012 (**Exhibit 9**).

13. Both Ayr and APD are third parties to the loans extended by FIB under BLAs No.39 KP-AA-2510, No.014LD-L-000002, and No.014LD-L-000006 and they have also not authorised the transactions of ASM and Blue Finance, which were financed by the funds obtained under the above loans.

14. Both Ayr and APD are third parties to the transactions with ASM and Blue Finance Ltd. and to the best of my knowledge they have never given their consent to be bound with such transactions or the repayment of the lent funds used for such transactions.

15. None of the three bank loans was invested in the Silver Beach Project, which is the underlying reason of Ayr's withdrawal from the June 4, 2010 transaction it reached with FIB for refinancing of the loans. *Please see* the Agreement dated June 4, 2010 (**Exhibit 10**).

16. Both Ayr and APD have never agreed to be bound with and held liable under BLAs No.39 KP-AA-2510, No.014LD-L-000002, and No.014LD-L-000006.

17. No agreements have been entered under the Silver Beach Project, which might have given rise to any financial and or other liabilities, which in turn might have given rise to any liability or obligations of Ayr and/or APD. The only agreements are the ones Ayr and FIB made on June 4, 2010. APD has never conducted any business, because all decisions for such business or operations were taken and

3

executed directly by Ayr, which was the sole holder of the investment rights and possessions in the Silver Beach Project.

18. The money amounting to a total of EUR 31,938,000 that have been paid under the transactions with ASM and Blu Finance Ltd., have probably been presented to Ayr as investments in the Silver Beach Project. Ayr had to be persuaded to refinance the debt exposition under the said three bank loans, which Ayr refused to do. Ayr reasoned its refusal with the laws of the USA, which prohibit making payments under debts of a suspicious origin and where no legitimate grounds exist for transfer of capitals. Ayr had reach an agreement and insisted on all payments under the Silver Beach Project, including to FIB, to be made through the Oriana Capital Partners bank account opened with HSBC, NY. *Please see* Ayr's letter to FIB dated November 14,2010 (**Exhibit 11**).

19. By its withdrawal from the June 4, 2010 Agreement reached with FIB, Ayr refused to transfer said debt exposition, thus leaving me and FIB to solve and handle this problem occurred by the money transactions, which served the payments for the transactions with ASM and Blue Finance Ltd. Ayr's refusal to cover the deficit of funds under the three bank loans amounting to EUR 31,938,000 finally resulted in the loss of the Silver Beach Project and the sale of the investment lands acquired under the project.

20. ASM and Blue Finance Ltd., whose owner I am, do not have the capitals required for the repayment of the funds lent under BLAs No.39 KP-AA-2510, No.014LD-L-000002, and No.014LD-L-000006. This is the reason why a solution is sought to have the debt exposition repaid out of the funds generated as proceeds from the sale of the Silver Beach investment lands.

21. The money transfers made to ASM and Blue Finance were not specifically conditioned on nor required or obligated us in advance with a liability to repay the funds under the three bank loans FIB had extended. The money received from such transactions were invested in Mexican bonds (**Exhibit 12 and 13**) through Grant Capital Investment Ltd, Malta. Repayment of the loans (credits) was agreed to be made from the earnings from such Mexican bonds of 1885 the sale of which was negotiated within the USA during the period 2010 – 2012 (**Exhibit 14 and 15**). To the best of my knowledge no dispute exists or has ever been raised over the origin or the repayment of the borrowed funds used for payments in the transactions with All Seas Management and Blu Finance Limited.

22. This Declaration is fully compliant with the commercial and corporate confidentiality rules to the extent to which the facts outlined herein and declared as true and correct concern the business activities of the companies whose owner I am and the decisions I made in such capacity. The above facts are known to Ayr and Mr. Philip Harris can confirm that they are true. The above facts are known to FIB and the bank can confirm that they are true.

I declare under penalty of perjury under the laws of the United States of America (28 U.S.Code §1746) that the foregoing is true and correct.

4

I, the undersigned, drew up and signed this Declaration in English on the date and place shown below and delivered its original to the Special Bulgarian Counsel for Ayr Trustee Attorney Zahari Tomov.

Varna, Bulgaria  
Date: May 18, 2017

DECLARED BY:

Chavdar Angelov Angelov

# LIST OF CITED DOCUMENTS
# IN THE DECLARATION OF DIMITAR CHAVDAR ANGELOV ANGELOV

| EXHIBIT NO. | DOCUMENT |
|---|---|
| Exhibit 1 | Economic Rationale attached to credit application |
| Exhibit 2 | Payment order for credit transfer-2 |
| Exhibit 3 | Contract Intercorporate loan ASP2-ASM-23 NOV 2007 |
| Exhibit 4 | Aplication fo extra loan |
| Exhibit 5 | Payment order for bank loan 002_2 Oct 008 |
| Exhibit 6A | Title Deed-111-Sale And Purchase of Land-PIDB2-ASP2-Notarized-2007 |
| Exhibit 6B | Title Deed-112-ASP2-sells-lands-to-PIDB2-Notarized-23-Nov-2007 |
| Exhibit 7 | Certificate-of-Registration-ASP2-August 31, 2007 |
| Exhibit 8 | Payment Order 20 Jan 2010-30 Jun 2010 |
| Exhibit 9 | Declaration of AM-23 Nov 2012 |
| Exhibit 9.1 | Declaration by Asset Management EAD dated 25 November 2014 |
| Exhibit 9.2 | Declaration by Port Investment Development Bulgaria 2 EAD - dated 3 August 2016 |
| Exhibit 9.3 | Declaration by ASP2 -dated Dec 4, 2014 |
| Exhibit 10 | Mortgage Receivables Sale and Purchase Agreement AYR_APD and FIB |
| Exhibit 11 | Ayr Ltr 14 Nov 2010 |
| Exhibit 12 | Banco Popular Dominicano Reference of Grant Capital Investment Ltd bank account dated November 24, 2009 |
| Exhibit 13A | Notary Attestation letter of Mexican bonds- 5 Nov 2010 |
| Exhibit 13B | Spring Law -Attestation letter -5 Nov 2010 |
| Exhibit 14 | Escrow Agreement  11-19-10 -West Law Group |
| Exhibit 15 | Signed Escrow Agreement Black Diamonds 02-21-12-Andrew A.Layment P.C. Texas |