# LATHAM&WATKINS LLP

53rd at Third
885 Third Avenue
New York, New York  10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

September 4, 2020

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/15/2020

**VIA ECF**

Hon. Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Rudersdal, EOOD, et al. v. Harris, et al.*, Case No. 18-cv-11072-GHW-RWL (S.D.N.Y)

Dear Magistrate Judge Lehrburger:

We represent VTB Bank (PJSC) (f/k/a The Bank for Foreign Trade of the Russian Federation) ("VTB") in this matter.[1] Pursuant to Section III. D. of Your Honor's Individual Practices in Civil Cases, we write this pre-motion letter to request a pre-motion conference for VTB's proposed motion to dismiss Plaintiffs' Second Amended Complaint (the "Complaint"). Counsel is re-directing this pre-motion letter to Your Honor's attention, in accordance with the order entered today by Judge Woods.

**The Complaint**

The Complaint concerns numerous Bulgarian corporations, individuals, and banks. All of the alleged events took place outside the United States, mostly in Bulgaria. Plaintiffs are Bulgarian individuals and entities who allegedly invested in a Black Sea project known as the Silver Beach Project in Balchik, Bulgaria. The project lender was a Bulgarian bank, First Investment Bank AD ("Fibank"). The Bulgarian developer, Ayr Property Development ("APD"), declared bankruptcy in Bulgaria in 2011. APD's parent company, Ayr Logistics Limited ("Ayr"), declared bankruptcy in 2014. Compl. ¶¶ 11-15, 16-42, 52-59, 98, 154.

---

[1] VTB was ostensibly served only recently, on August 13, 2020. On September 1, 2020, Plaintiffs filed an Objection to the Report and Recommendation of Magistrate Judge Lehrburger. *See* Dkt. 326. Although the Objection claims that VTB's response to the Complaint was due on September 1, *id*. at 1-2, docket entry 325, which contains Plaintiffs' proof of service, confirms that VTB's response is due on September 3, 2020. This pre-motion letter was timely filed on September 3, 2020, and is attached hereto as Exhibit A. *See* Dkt. 331.

LATHAM&WATKINS LLP

Plaintiffs' allegations have already have been the subject of extensive and conclusive litigation in Bulgaria and the United States.  In 2011, the Silver Beach Project became the subject of the Ayr bankruptcy proceeding in Bulgaria, and in 2016, the bankruptcy Trustee for Ayr filed a lawsuit in the United States Bankruptcy Court for the Northern District of Texas against two of the Defendants in this case, Fibank and APD, *see Mims v. First Investment Bank AD*, No. 16-03138 (N.D. Tex. Bankr. May 15, 2017).  That lawsuit challenged Defendants' right to retain certain proceeds from the sale of Silver Beach property in APD's Bulgarian bankruptcy proceeding.  The Court granted Fibank's motion to dismiss the complaint on personal jurisdiction grounds "with prejudice to refiling in a United States Court."  In the alternative, the Court held that the action should be dismissed on *forum non conveniens* grounds in favor of the courts of Bulgaria.  *See* Mem. Op. & Order, *Mims v. First Investment Bank AD*, No. 16-03138 (N.D. Tex. Bankr. May 15, 2017).  The Trustee did not appeal the Court's decision.

On February 3, 2020, certain Defendants here who had been served moved to dismiss the Complaint (the "**Moving Defendants**").[2]  On February 25, 2020, Plaintiffs moved for leave to conduct jurisdictional discovery.  Dkt. 294.  On August 18, 2020, Magistrate Judge Lehrburger issued a report and recommendation denying Plaintiffs' motion for jurisdictional discovery, and recommending that Defendants' motions to dismiss be granted based on lack of personal jurisdiction.  In the alternative, Magistrate Judge Lehrburger recommended that the action be dismissed on *forum non conveniens* grounds in favor of the courts of Bulgaria.  Dkt. 324.

**VTB**

VTB is a bank registered in St. Petersburg, Russia.  Compl. ¶ 8.  The Complaint is vague as to VTB's role in the Silver Beach Development scheme.  VTB is alleged to have exercised two call options that conferred financial benefits on various Defendants, Compl. ¶¶ 162, 163, 165, 231, 233, 250, 252, 254, and to have worked with other Defendants to effectuate the privatization of a Bulgarian company to obtain commissions.  Compl. ¶ 163, 233.  Although the Complaint claims that one of the call options exercised by VTB was "effectuated through New York and with the participation of Defendant The Bank of New York Mellon as Trustee," it is unclear what this means, and no facts are offered to support this conclusion.  Compl. ¶ 644.

VTB's anticipated Motion to Dismiss will address the following ground, which supports dismissal of the Complaint in its entirety:

---

[2] *See* Dkt. 238, 244, 251, 253, 256, 260, 263, 265.  The Moving Defendants were First Investment Bank, AD, Tseka Todorov Minev, Ivailo Dimitrov Mutafchiev, Tabak Market, AD, a/k/a Lafka Market AD, Cibole Services Incorporated, Bulgaria, EOOD, Asteria BG, EOOD a/k/a Droslian Bulgaria, EOOD, Vili Vist, EAD, Promishleno Stroitelstvo Holding, EA, Philip Robert Harris, The Bank of New York Mellon Corporation, Bulgarian National Bank, Delyan Peevski and Intrust PLC f/k/a NSN Investment, EEOD, Eaton Vance Management and Bulgartabac Holding AD.

LATHAM&WATKINS LLP

**Personal Jurisdiction**

The Complaint must be dismissed because this Court lacks personal jurisdiction over VTB. General personal jurisdiction is lacking because VTB is a Russian corporation with its principal place of business in Russia. Compl. ¶¶ 8, 42. It is, in all senses "at home" in Russia, not the United States. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). VTB is not licensed to conduct banking business in any jurisdiction within the United States, and it has no branches, offices, employees, or affiliates in the United States.[3]

The Court also lacks specific jurisdiction because the Complaint offers no facts to suggest that VTB engaged in any act or transaction within the United States that could be said to have given rise to any of Plaintiffs' claims. *See Bersoum v. Abotaeta*, 2017 U.S. Dist. LEXIS 127460, *10 (S.D.N.Y. Aug. 10, 2017); *Singh v. Singh*, No. 15 Civ. 5372, 2016 U.S. Dist. LEXIS 72131, at *4-5 (S.D.N.Y. June 2, 2016). To the contrary, all of VTB's alleged conduct took place outside the United States. While the Complaint asserts in passing that VTB's "exercise of the Vivacom call option . . . was effectuated through New York" and "with the participation of Defendant The Bank of New York Mellon," Compl. ¶ 644, there is no explanation of what is meant by "effectuating" the Vivacom call option, and there is no suggestion that VTB engaged BONY directly, or interacted with BONY in New York.

***Other Grounds for Dismissal***

VTB may also move for dismissal of the Complaint on the following grounds:

- The doctrine of *forum non conveniens* favors the Bulgarian courts.

- Plaintiffs lack standing to pursue funds allegedly depleted from the APD estate because any claims resulting from that injury belong to APD, not Plaintiffs.

- Many of Plaintiffs' claims—including their RICO (XXVI), Conversion (Count XXIV) and Negligent Misrepresentation (Count XXI) claims—are time-barred.

- The Complaint fails to plead fraud with particularity.

- The Complaint fails to state a claim because its opaque allegations fail to provide a "short and plain statement of the claim" as Rule 8(a)(2) requires.

---

[3] The Complaint alleges that VTB conducts business in New York through a subsidiary, Xtellus Capital Partners, Inc. Compl. ¶ 643. No facts are offered to support this assertion, but in any event, Xtellus is a distinct corporate entity, and the Complaint does not come close to pleading the detailed facts necessary to pierce the corporate veil and attribute Xtellus' conduct to VTB. There are no allegations that VTB failed to observe corporate formalities, controlled the day-to-day management of Xtellus, intermingled corporate funds with those of Xtellus, or that Xtellus otherwise functioned as a "mere shell" for VTB. *See,e.g.,* Report & Recommendation, Dkt. 324 at 25. Without piercing the corporate veil, general jurisdiction is impossible because the Complaint concedes that VTB is not "at home" in New York. *See* Compl. ¶ 8.

**LATHAM&WATKINS**LLP

                                                    Respectfully submitted,

                                                    */s/ Christopher Harris*

                                                    Christopher Harris
                                                    LATHAM & WATKINS LLP
                                                    885 Third Avenue
                                                    New York, NY 10022
                                                    Telephone: (212) 906-1200
                                                    Facsimile: (212) 751-4864
                                                    Email: christopher.harris@lw.com

                                                   *Counsel for VTB Bank (PJSC)*

cc:    All Counsel of Record (via ECF)

The Bank's request for a conference is denied without prejudice to renewal after Judge Woods rules on Plaintiffs' objections to the Report and Recommendation on the other defendants' motions to dismiss.

SO ORDERED:

9/15/2020

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE