UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RUDERSDAL, EOOD, et al.,

                        Plaintiffs,

        v.                                                Case No. 18-cv-11072 (GHW) (RWL)

PHILLIP ROBERT HARRIS, et al.,

                        Defendants.

---

## THE FIBANK DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE LEHRBURGER'S REPORT AND RECOMMENDATION

ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
202.942.5000
202.942.5999 (fax)

ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
212.836.8000
212.836.8689 (fax)

*Attorneys for Defendants First Investment Bank, AD, Tseko Todorov Minev, and Ivailo Dimitrov Mutafchiev*

## <u>TABLE OF CONTENTS</u>

Page

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................... 1

STANDARD OF REVIEW ................................................................................................... 5

ARGUMENT ........................................................................................................................ 6

I.      MAGISTRATE JUDGE LEHRBURGER CORRECTLY DETERMINED THAT THIS COURT LACKS PERSONAL JURISDICTION OVER THE FIBANK DEFENDANTS ............................................................................................ 6

      A.     New York's Long-Arm Statute Does Not Provide a Basis for Personal Jurisdiction ................................................................................................... 6

      B.     Federal Rule of Civil Procedure 4(k)(2) Does Not Provide a Basis for Personal Jurisdiction ............................................................................... 8

II.     MAGISTRATE JUDGE LEHRBURGER CORRECTLY DETERMINED THAT, IN THE ALTERNATIVE, THE COURT SHOULD DISMISS THE PLAINTIFFS' COMPLAINT UNDER THE DOCTRINE OF *FORUM NON CONVENIENS* ............................................................................................... 10

      A.     This Court Should Not Defer to Plaintiffs' Choice of Forum ............................. 11

      B.     The Bulgarian Courts Are an Available and Adequate Forum ............................ 12

      C.     The Private and Public Interests Weigh in Favor of Dismissal ........................... 14

            1.     The Private Interests Weigh in Favor of Dismissal .................................. 14

            2.     The Public Interests Weigh in Favor of Dismissal ................................... 15

III.    MAGISTRATE JUDGE LEHRBURGER PROPERLY DENIED PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY ............................... 17

CONCLUSION ................................................................................................................... 18

## **TABLE OF AUTHORITIES**

**Page(s)**

### **Cases**

*Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cty.*,
    480 U.S. 102 (1987)...................................................................................................10

*Azkour v. Little Rest Twelve, Inc.*,
    No. 10 CIV. 4132 RJS KNF, 2012 WL 1026730 (S.D.N.Y. Mar. 27, 2012).........................13

*BMR & Assocs., LLP v. SFW Capital Partners, LLC*,
    92 F. Supp. 3d 128 (S.D.N.Y. 2015)..........................................................................10, 14, 16

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*,
    137 S. Ct. 1773 (2017)...................................................................................................9

*Calavo Growers of California v. Generali Belgium*
    632 F.2d 963 (2d Cir. 1980)..........................................................................................12

*Channel One Russia Worldwide v. Infomir LLC*
    *(www.infomirusa.com)*, No. 16CIV1318GBDBCM, 2018 WL 4666069
    (S.D.N.Y. Sept. 28, 2018)............................................................................................5, 6

*Feehan v. Feehan*,
    No. 09 CIV. 7016 DAB, 2010 WL 3734079 (S.D.N.Y. Sept. 22, 2010) ...............................2

*Frydman v. Verschleiser*,
    No. 14 Civ. 8084 (JGK) (JLC), 2017 WL 1155919 (S.D.N.Y. Mar. 27, 2017) ....................6

*George v. Prof'l Disposables Int'l, Inc.*,
    221 F. Supp. 3d 428 (S.D.N.Y. 2016)...........................................................................5

*Gucci Am., Inc. v. Weixing Li*,
    768 F.3d 122 (2d Cir. 2014)...........................................................................................9, 10

*Gulf Oil Corp. v. Gilbert*,
    330 U.S. 501 (1947).......................................................................................................16

*In re Ayr*,
    No. 14-34940 (Bankr. N.D. Tex.) .................................................................................3, 4

*In re del Valle Ruiz*,
    939 F.3d 520 (2d Cir. 2019)..........................................................................................9

*In re Platinum & Palladium Antitrust Litig.*,
    No. 1:14-CV-9391-GHW, 2017 WL 1169626 (S.D.N.Y. Mar. 28, 2017) ..........................9, 18

*In re Rezulin Prod. Liab. Litig.*,
    214 F. Supp. 2d 396 (S.D.N.Y. 2002) ................................................................. 13

*Iragorri v. United Techs. Corp.*,
    274 F.3d 65 (2d Cir. 2001) (en banc) ........................................................ *passim*

*Johnson v. Fordham Univ.*,
    No. 1:11-CV-04670 (ALC), 2016 WL 450424 (S.D.N.Y. Feb. 4, 2016) ................ 5

*Levisohn, Lerner, Berger & Langsam v. Med. Taping Sys., Inc.*,
    10 F. Supp. 2d 334 (S.D.N.Y. 1998) .................................................................... 7

*Mareno v. Rowe*,
    910 F.2d 1043 (2d Cir. 1990) ............................................................................... 7

*Mims v. Fibank*,
    No. 16-03138 (Bankr. N.D. Tex. May 15, 2017) .......................................... 1, 3, 13

*Murray v. British Broad. Corp.*,
    81 F.3d 287 (2d Cir. 1996) ................................................................. 10, 12, 14, 16

*Norex Petroleum Ltd. v. Access Indus., Inc.*,
    416 F.3d 146 (2d Cir. 2005) ......................................................................... 10, 12

*Ortiz v. Barkley*,
    558 F. Supp. 2d 444 (S.D.N.Y. 2008) ................................................................. 5

*Palacios v. The Coca-Cola Co.*,
    757 F. Supp. 2d 347 (S.D.N.Y. 2010) ............................................................... 12

*Petersen Energia Inversora S.A.U. v. Argentine Republic*,
    2020 WL 3034824 (S.D.N.Y. June 5, 2020) ...................................................... 12

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981) .......................................................................................... 11

*Pollux Holding Ltd. v. Chase Manhattan Bank*,
    329 F.3d 64 (2d Cir. 2003) .......................................................................... 11, 12

*Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*,
    No. 14 Civ. 2590 (VM), 2017 WL 4174926 (S.D.N.Y. Aug. 28, 2017) ................. 6

*Royalty Network Inc. v. Dishant.com, LLC*,
    638 F. Supp. 2d 410 (S.D.N.Y. 2009) ............................................................... 17

*Schertenleib v. Traum*,
    589 F.2d 1156 (2d Cir. 1978) ........................................................................... 12

*Spahic v. Int'l Ctr. for Transitional Justice Inc.*,
    No. 18CV0057ALCRWL, 2019 WL 7605895 (S.D.N.Y. Apr. 25, 2019) ...........................12

*Stroitelstvo Bulgaria Ltd. v. Bulgarian-American Enterprise Fund*,
    589 F.3d 417 (7th Cir. 2009) ................................................................................13

*Tavares v. City of New York*,
    No. 08 Civ. 3782(PAE), 2011 WL 5877548 (S.D.N.Y. Nov. 23, 2011) ...............................14

*Trump v. Vance*,
    2020 WL 4861980 (S.D.N.Y. Aug. 20, 2020) .........................................................18

*United States v. Snow*,
    462 F.3d 55 (2d Cir. 2006)......................................................................................6

*Walden v. Fiore*,
    571 U.S. 277 (2014)........................................................................................9, 10

*Whitaker v. Am. Telecasting, Inc.*,
    261 F.3d 196 (2d Cir. 2001)................................................................................7, 8

*Zeevi Holdings Ltd. v. Republic of Bulgaria*,
    No. 09 CIV. 8856 RJS, 2011 WL 1345155 (S.D.N.Y. Apr. 5, 2011) ..............................13, 14

## <u>Other Authorities</u>

N.Y. CPLR § 302.................................................................................................6, 7, 8

Fed. R. Civ. P. 4.................................................................................................8, 9, 10

Fed. R. Civ. P. 72.............................................................................................5, 17, 18

## INTRODUCTION

In his Report & Recommendation ("R&R"), Magistrate Judge Lehrburger correctly determined that this action—filed by four Bulgarian plaintiffs, challenging a Bulgarian bank's right to receive proceeds from a Bulgarian court-ordered sale in connection with the bankruptcy of a Bulgarian real-estate developer—should be dismissed. In so doing, Magistrate Judge Lehrburger agreed in substantial part with the reasoning of the U.S. bankruptcy court of the Northern District of Texas, which addressed similar claims in 2017. *See Mims v. Fibank*, No. 16-03138 (Bankr. N.D. Tex. May 15, 2017) ("*Fibank I*"). The *Fibank I* court properly held that First Investment Bank AD ("Fibank")—a Bulgarian bank with no branches, offices, affiliates, or employees in the United States—was not subject to personal jurisdiction in the U.S., and that, in any event, Bulgaria was the appropriate forum for Plaintiffs' claims. This suit is Plaintiffs' second attempt to entangle a U.S. court in matters related to the failed Bulgarian development, and the Magistrate Judge correctly recognized that Plaintiffs' second suit should fare no better than their first. This Court should adopt Magistrate Judge Lehrburger's well-reasoned and thorough R&R in full, deny Plaintiffs' motion for jurisdictional discovery, and grant the Fibank Defendants' motion to dismiss for lack of personal jurisdiction or, in the alternative, grant the Fibank Defendants' motion to dismiss on grounds of *forum non conveniens*.[1]

## BACKGROUND

### A.     Statement of Facts[2]

Plaintiffs are a Bulgarian individual and entities which were investors in a construction project known as the Silver Beach Project in Balchik, Bulgaria. Compl. ¶¶ 11–14, 51. Ayr

---

[1] The "Fibank Defendants" consist of Fibank and two of its shareholders, Defendants Tseko Todorov Minev and Ivailo Dimitrov Mutafchiev.

[2] As the Fibank Defendants noted in their opposition to Plaintiffs' motion for jurisdictional discovery (ECF 296, at 1), for purposes of their motions to dismiss, the Fibank Defendants have

Property Development AD ("APD") was the Bulgarian developer of the project.  *Id.* ¶ 54.  The lender to the defunct project was Fibank.  *Id.* ¶ 59.  Plaintiffs allege that rather than invest the funds that Fibank provided into the Silver Beach Project, APD transferred the funds to "Malta" to "purchase . . . ancient Mexican bonds to be sold in the U.S."  *Id.* ¶¶ 73, 87.  The Complaint does not allege that the Fibank Defendants were involved in the so-called "Mexican bond scheme" or undertook any effort to buy, hold, or sell the bonds anywhere, let alone in the United States.  Moreover, the Complaint does not allege that this "Mexican bond scheme" caused Plaintiffs to suffer any harm.

In 2011, APD declared bankruptcy in Bulgaria, and a trustee (the "Bulgarian Trustee") was appointed.  *Id.* ¶¶ 98, 112.  A Bulgarian court ordered the sale of APD's assets, including the Silver Beach project land.  *Id.* ¶ 108.  Fibank purchased the land at auction for 97.5 million Bulgarian Lev ("BGN"), and on January 14, 2013, the Bulgarian Trustee placed the sale proceeds into APD's bank account at Corporate Commercial Bank AD ("CCB") in Bulgaria.  *Id.* ¶¶ 109–11.

On October 22, 2014, Fibank sent the Bulgarian Trustee a payment order to submit to CCB to obtain the sale proceeds.  *Id.* ¶ 155.  The Complaint alleges that Fibank submitted the signed payment order to CCB, *id.* ¶ 189, and then used the funds to pay off the debts of five Bulgarian companies:  (i) Tabak Market, AD, (ii) Cibole Services Incorporated, Bulgaria,

_____

accepted all of the Plaintiffs' jurisdictional allegations at face value.  As a result, the following statement of facts is drawn largely from the Plaintiffs' Complaint.  Notably, alongside their Objections, Plaintiffs have also filed a lengthy declaration by Zahari Tomov dated August 27, 2020, and thirteen separate exhibits.  *See* ECF 327 to ECF 327-14, and ECF 328.  Plaintiffs did not provide the new Tomov declaration to the Magistrate.  That declaration and any other new evidence not presented to the Magistrate in the course of the motion to dismiss briefing should not be considered here.  *See, e.g.*, *Feehan v. Feehan,* No. 09 CIV. 7016 DAB, 2010 WL 3734079, at *2 (S.D.N.Y. Sept. 22, 2010) ("[I]t is inappropriate for the Court to consider new evidence upon review of a Magistrate's Report and Recommendation, when Parties had an opportunity fully to brief their [Motions] before the Magistrate.").

EOOD, (iii) Asteria BG, EOOD, (iv) Vili Vist, EAD, and (v) Promishleno Stroitelstvo Holding, EAD (the "Bulgarian Companies"). *Id.* ¶¶ 176, 193. Fibank allegedly paid off the debts of the five Bulgarian companies as part of an effort to resolve old, nonperforming debts during the Bulgarian banking crisis of 2014. *Id.* ¶¶ 171–77. Although the Complaint refers to these transactions as part of a "scheme," *id.* ¶ 158, the Complaint does not allege any facts to support the pejorative characterization or otherwise explain why the alleged transfer of funds to the Bulgarian Companies was improper. In any event, the Complaint does not identify any connection between these transactions and the United States.

On October 10, 2014, APD's parent company, Ayr Logistics Limited, Inc. ("Ayr") filed for bankruptcy in the United States District Court for the Northern District of Texas. *Id.* ¶ 146; *In re Ayr*, No. 14-34940 (Bankr. N.D. Tex.). The bankruptcy trustee for Ayr (the "U.S. Trustee") then filed an adversary proceeding complaint against Fibank. *Mims v. Fibank*, No. 16-03138 (Bankr. N.D. Tex. Oct. 10, 2016) ("*Fibank I*").[3] Like the Complaint in this case, the *Fibank I* complaint challenged Fibank's right to receive and retain certain proceeds from the sale of its collateral in the Bulgarian bankruptcy proceeding. Fibank moved to dismiss the complaint, arguing, among other things, that the court lacked personal jurisdiction over it and that the court should dismiss the case under the doctrine of *forum non conveniens*.

The bankruptcy court in Texas granted the motion, holding that the court lacked personal jurisdiction over Fibank and that Bulgaria was a more appropriate forum. *Fibank I*, slip op. at 7–21. The court dismissed the complaint "*with prejudice* to refiling in a United States Court." *Id.* at 25 n.6 (emphasis added). The U.S. Trustee did not appeal the court's decision.

---

[3] A copy of the decision has been filed on the docket at ECF 239-1.

After the dismissal, Zahari Tomov, a Bulgarian lawyer who claims Ayr owes him $10.6 million for unpaid legal fees, urged the U.S. Trustee to file another lawsuit against Fibank.[4]  The law firm representing the U.S. Trustee declined to do so.  Instead, the U.S. Trustee sold the potential claims to Mr. Tomov and three other alleged creditors of Ayr's estate:  Rudersdal, EOOD; All Seas Property 2, OOD; and Asset Management, EAD.[5]

### B.    Procedural History

On November 27, 2018, the creditors filed a Complaint in this Court, again challenging Fibank's right to receive the proceeds from the sale of its collateral in the Bulgarian bankruptcy proceedings.  ECF 1.  Plaintiffs filed a first amended complaint on July 24, 2019, ECF 149, and after Defendants filed motions to dismiss, Plaintiffs filed a second amended complaint on January 10, 2020, ECF 230.  The Fibank Defendants filed their motion to dismiss Plaintiffs' second amended complaint on February 3, 2020, arguing, among other things, that the Complaint should be dismissed for lack of personal jurisdiction or—in the alternative—dismissed on grounds of *forum non conveniens*.  ECF 239.  Plaintiffs filed their opposition to the Fibank Defendants' motion to dismiss on February 22, 2020, ECF 270, and the Fibank Defendants filed their reply in support of their motion to dismiss on March 9, 2020, ECF 295.  In addition, on February 25, 2020, Plaintiffs filed a motion for jurisdictional discovery.  ECF 293.  The Fibank Defendants filed their opposition to Plaintiffs' motion on March 9, 2020, ECF 296, and Plaintiffs filed their reply on March 16, 2020, ECF 308.

On August 18, 2020, Magistrate Judge Lehrburger filed his R&R.  ECF 324.  Magistrate Judge Lehrburger denied Plaintiffs' motion for jurisdictional discovery, and recommended that

---

[4] Mot. for Approval to Sell Causes of Action ¶¶ 5–6 & Ex. A, *In re Ayr*, No. 14-34940 (N.D. Tex. Bankr. Oct. 22, 2017), ECF Nos. 63, 63-1.

[5] *Id.* Ex. A.

this Court dismiss Plaintiffs' complaint for lack of personal jurisdiction or, in the alternative, on the grounds of *forum non conveniens*.  R&R at 95.  Plaintiffs filed their Objections to the R&R on September 1, 2020.  ECF 326.

## STANDARD OF REVIEW

This Court reviews *de novo* any portion of Magistrate Judge Lehrburger's recommendation to dismiss Plaintiffs' Complaint to which the Plaintiffs have "properly objected."  Fed. R. Civ. P. 72(b)(3).  But "[i]t is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge."  *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 433 (S.D.N.Y. 2016) (quoting *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008)).  "[W]here objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, the Court should review only for clear error."  *Johnson v. Fordham Univ.*, No. 1:11-CV-04670 (ALC), 2016 WL 450424, at *1 (S.D.N.Y. Feb. 4, 2016) (quotation marks omitted) (quoting *Ortiz*, 558 F. Supp. 2d at 451).  Because Plaintiffs' objections are, in fact, a "rehashing" of their prior briefing, the clear error standard applies, but under any standard of review, including *de novo*, the objections fail.

With regard to Magistrate Judge Lehrburger's order denying Plaintiffs' motion for jurisdictional discovery, the Court may modify or set aside the order only to the extent that it "is clearly erroneous or . . . contrary to law."  Fed. R. Civ. P. 72(a).  "Clear error is present when, upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed," and "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Channel One Russia Worldwide v. Infomir LLC (www.infomirusa.com)*, No. 16CIV1318GBDBCM, 2018 WL 4666069, at *2

(S.D.N.Y. Sept. 28, 2018) (citations, brackets, and quotation marks omitted) (first quoting

*United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006), then quoting *Frydman v. Verschleiser*,

No. 14 Civ. 8084 (JGK) (JLC), 2017 WL 1155919, at *2 (S.D.N.Y. Mar. 27, 2017)).   The simple

fact that "reasonable minds may differ on the wisdom of granting a party's motion is not

sufficient to overturn a magistrate judge's discovery order." *Id.* (quotation marks omitted)

(quoting *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, No. 14 Civ. 2590 (VM), 2017 WL

4174926, at *5 (S.D.N.Y. Aug. 28, 2017)).

## ARGUMENT

## I.   MAGISTRATE JUDGE LEHRBURGER CORRECTLY DETERMINED THAT THIS COURT LACKS PERSONAL JURISDICTION OVER THE FIBANK DEFENDANTS

### A.   New York's Long-Arm Statute Does Not Provide a Basis for Personal Jurisdiction

Magistrate Judge Lehrburger properly rejected Plaintiffs' argument that this Court may

exercise personal jurisdiction over the Fibank Defendants under N.Y. CPLR § 302(a)(3)(ii).

CPLR § 302(a)(3)(ii) authorizes specific jurisdiction over an out-of-state defendant if:  (1) the

defendant commits a tortious act outside of New York that "caus[es] injury to person or property

within" New York; (2) the defendant "expect[ed] or should [have] reasonably expect[ed] the act

to have consequences in" New York; and (3) the defendant "derives substantial revenue from

interstate or international commerce."  N.Y. CPLR § 302(a)(3)(ii).  Magistrate Judge Lehrburger

correctly found that Plaintiffs fail to plausibly allege the first prong of the test—namely, that the

Fibank Defendants "caus[ed] injury to person or property within" New York.[6]

---

[6] Incidentally, Plaintiffs have *also* failed to plausibly allege either of the other prongs—*i.e.*, that
the Fibank Defendants "expect[ed] or should [have] reasonably expect[ed]" their alleged actions
"to have consequences in" New York, and that the Fibank Defendants "derive[] substantial
revenue from interstate or international commerce."

Courts use a "situs-of-injury" test to determine the place of injury under § 302(a)(3)(ii), which asks them to identify "the location of *the original event which caused the injury*." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001) (emphasis added) (quoting *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990)). "This limitation [is] designed to prevent injuries indirectly or fortuitously connected to New York from providing the basis for personal jurisdiction." *Levisohn, Lerner, Berger & Langsam v. Med. Taping Sys., Inc.*, 10 F. Supp. 2d 334, 343 (S.D.N.Y. 1998).

Here, Magistrate Judge Lehrburger properly determined that the "original event[s]" that caused the alleged injury to Plaintiffs were the diversion of funds from bank accounts *in Bulgaria*. *See* R&R at 36; *see also* Compl. ¶¶ 1, 188–194. As Magistrate Judge Lehrburger correctly noted, "[t]he [alleged] purportedly fraudulent and illegal diversion occurred in October 2014, when the [Fibank] Defendants generated a fraudulent payment order"—and "*[t]hat* alleged fraud, perpetrated by Bulgarian-based Defendants over Bulgarian funds held in Bulgarian banks, is what moved the $65 million at issue from Plaintiffs' grasp." R&R at 36 (emphasis added). Accordingly, Plaintiffs may have alleged "injury to person or property" *in Bulgaria*, but they have not alleged "injury to person or property" in New York.

In their Objections, Plaintiffs assert that the crux of the alleged wrongdoing occurred in New York, and that the diversion of funds was a mere "intervening event" or "ancillary taking." Obj. 47. That assertion, however, is belied by Plaintiffs' own Complaint, which makes clear in its very first paragraph that the purpose of their suit is "to recover . . . [the] $65 million" that the Defendants allegedly "unlawfully misappropriated" *in Bulgaria*. Compl. ¶ 1. Plaintiffs also contend here—as they did before Magistrate Judge Lehrburger—that they suffered injury in New York because they were set to receive the funds through New York banks. Obj. 47. But as

Magistrate Judge Lehrburger correctly noted, "[t]he occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a sufficient basis for jurisdiction under § 302(a)(3) where the underlying events took place outside New York."  R&R at 37 (quoting *Whitaker*, 261 F.3d at 209).[7]  Finally, Plaintiffs reiterate their claim that this Court may exercise "co-conspirator" jurisdiction over the Fibank Defendants under CPLR § 302(a)(ii), Obj. 48–49, but they fail to explain how the Court may exercise such jurisdiction absent a plausible allegation that the Fibank Defendants "caus[ed] injury to person or property within" New York, *see* R&R at 37.  Magistrate Judge Lehrburger addressed all of Plaintiffs' arguments regarding New York's long-arm statute, and correctly found that the statute does not provide a basis for personal jurisdiction.

### B.  Federal Rule of Civil Procedure 4(k)(2) Does Not Provide a Basis for Personal Jurisdiction

Federal Rule of Civil Procedure 4(k)(2) allows a federal district court to exercise personal jurisdiction over a defendant for a claim that arises under federal law if "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction," and "exercising jurisdiction is consistent with the United States Constitution and laws."  Magistrate Judge Lehrburger correctly determined that Rule 4(k)(2) does not provide a basis for exercising jurisdiction in this case, because doing so would be "[in]consistent with constitutional due process."  R&R at 39.

To satisfy constitutional due process, Plaintiffs must establish that the Fibank Defendants are subject to either general or specific personal jurisdiction.  Plaintiffs do not argue that this Court may exercise general jurisdiction over the Fibank Defendants.  *See id.* at 40.  For a court to

---

[7] Plaintiffs also cite a choice-of-law provision from the Bulgarian Private International Law Code, Obj. 48, but fail to explain why this provision bolsters their argument that they suffered an injury *in New York*.

exercise specific jurisdiction, a plaintiff must show, at a minimum, that the defendant engaged in "suit-related conduct [that] create[d] a substantial connection with the forum." *Walden v. Fiore*, 571 U.S. 277, 284 (2014).[8]  In other words, a plaintiff cannot simply allege that a defendant has "general connections with [a] forum." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017).  Rather, the plaintiff must establish that the suit "*arise[s] out of or relate[s] to*" the defendant's contacts with the forum.  *In re del Valle Ruiz*, 939 F.3d 520, 529 (2d Cir. 2019) (emphasis added) (brackets and quotation marks omitted) (quoting *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 134 (2d Cir. 2014)).

Here, Magistrate Judge Lehrburger correctly concluded that although Plaintiffs allege multiple "contacts" between the Fibank Defendants and the United States—such as alleged "negotiations" between Fibank and Chavdar Angelov, a Bulgarian citizen who permanently resides in Bulgaria and held a U.S. green card from 1995–2012, and the Fibank Defendants' alleged procurement and retention of an FAA license—the Plaintiffs fail to connect any of these alleged contacts to their suit's claims.  R&R at 41.  In other words, even assuming the truth of Plaintiffs' allegations, Plaintiffs fail to establish that their suit "*arise[s] out of or relate[s] to*" the Fibank Defendants' alleged contacts with the United States.  *In re del Valle Ruiz*, 939 F.3d at 529 (emphasis added).  Nor can the Plaintiffs establish specific jurisdiction by alleging contacts between the Fibank Defendants and individuals who acted in New York, *see* Obj. 50, because as Judge Lehrburger correctly noted, specific jurisdiction hinges on "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."  R&R at 41

---

[8] If the purported statutory basis for personal jurisdiction is a state long-arm statute, then the relevant "forum" is the forum state.  *In re Platinum & Palladium Antitrust Litig.*, No. 1:14-CV-9391-GHW, 2017 WL 1169626, at *40 (S.D.N.Y. Mar. 28, 2017).  If the purported statutory basis for personal jurisdiction is Rule 4(k)(2), the relevant "forum" is the United States as a whole.  *Id.* at *40–41.

(quoting *Walden*, 571 U.S. at 285).  Thus, Magistrate Judge Lehrburger correctly concluded that

this Court cannot exercise jurisdiction over the Fibank Defendants under Rule 4(k)(2), and that

Plaintiffs' Complaint against the Fibank Defendants should be dismissed for lack of personal

jurisdiction.[9]

## II.     MAGISTRATE JUDGE LEHRBURGER CORRECTLY DETERMINED THAT, IN THE ALTERNATIVE, THE COURT SHOULD DISMISS THE PLAINTIFFS' COMPLAINT UNDER THE DOCTRINE OF *FORUM NON CONVENIENS*

This Court has "broad discretion" to dismiss a complaint under the doctrine of *forum non*

*conveniens*.  *See Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005).

Dismissal is appropriate under *forum non conveniens* if there is a foreign forum available for a

dispute, and litigating the dispute in that forum would "best serve the convenience of the parties

and the ends of justice."  *Murray v. British Broad. Corp.*, 81 F.3d 287, 290 (2d Cir. 1996)

(internal quotation marks omitted).  To determine whether a *forum non conveniens* dismissal is

appropriate, the Court evaluates: "(1) the degree of deference accorded to plaintiff's choice of

forum; (2) whether the forum proposed by the defendant is adequate to adjudicate the dispute;

and (3) the balance between the private and public interests affected by the chosen forum."  *BMR*

*& Assocs., LLP v. SFW Capital Partners, LLC*, 92 F. Supp. 3d 128, 139 (S.D.N.Y. 2015); *see*

*also Norex*, 416 F.3d at 153.  Magistrate Judge Lehrburger correctly assessed that all three

factors weigh heavily in favor of dismissal here.

---

[9] Separately, as outlined in the Fibank Defendants' Motion to Dismiss, specific jurisdiction is also improper for the independent reason that exercising jurisdiction in this case would not "comport with fair play and substantial justice."  ECF 239 at 13 (quoting *Gucci*, 768 F.3d at 136).  Exercising jurisdiction in this case would greatly burden the Fibank Defendants, who are variously incorporated, located, and resident in Bulgaria. *See Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cty.*, 480 U.S. 102, 114 (1987) ("The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders.").

### A.     This Court Should Not Defer to Plaintiffs' Choice of Forum

A foreign plaintiff's decision to litigate in an American court "deserves less deference." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981).  This is because of a "realistic doubt[]" that the foreign plaintiff genuinely decided to sue in this forum for reasons of convenience, rather than, for example, to take advantage of local laws that favor the plaintiff's case, or to force a foreign defendant to experience inconvenience and expense to answer the suit. *See Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 73 (2d Cir. 2003); *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72–73 (2d Cir. 2001) (en banc).  Accordingly, "[b]ecause the central purpose of any *forum non conveniens* inquiry is to ensure that [a] trial is convenient," *Piper Aircraft Co.*, 454 U.S. at 256, a foreign plaintiff's choice of forum deserves minimal deference if there is little "reason[] relating to convenience or expense" to justify such a choice, *see Iragorri*, 274 F.3d at 72.

Here, Magistrate Judge Lehrburger correctly gave no deference to the Plaintiffs' choice of forum, noting that:  (1) Plaintiffs are Bulgarian, R&R at 64; (2) "the vast majority of witnesses, documents, and other sources of proof necessary to conduct trial in this matter are located in Bulgaria, making it unnecessarily difficult and costly to conduct trial here," *id.* at 65, and (3) "[t]he absence or near absence of witnesses, documents, and other evidence tied to New York gives rise to a strong inference that forum-shopping considerations served as a substantial motivation in Plaintiffs' choice to bring this action here," *id.*  In response, Plaintiffs repeat almost verbatim the arguments they had made previously—namely, that the Court should defer to Plaintiffs' choice of forum because some of the parties "have significant, bona fide connections with the U.S.," and because the suit arises under U.S. law.  Obj. 78; *compare* Pl's Opp. to Fibank Defs.' Motion to Dismiss, ECF 270, at 16–17.  As Magistrate Judge Lehrburger

correctly noted, however, "Plaintiffs cite not a single case in support of this argument, perhaps because the claims asserted fail to inform whether it would be more or less convenient to hold trial here." R&R at 66. Accordingly, Magistrate Judge Lehrburger properly found that the Court should not defer to Plaintiffs' choice of forum.

## B.     The Bulgarian Courts Are an Available and Adequate Forum

"To secure dismissal of an action on grounds of *forum non conveniens*, a movant must demonstrate the availability of an adequate alternative forum." *Norex*, 416 F.3d at 157. "An alternative forum is adequate if the defendants are amenable to service of process there, and if it permits litigation of the subject matter of the dispute." *Id.* (quoting *Pollux Holding Ltd.*, 329 F.3d at 75). Except for the "rare circumstance[]" where "the remedy offered by the other forum is clearly unsatisfactory," *Murray*, 81 F.3d at 292, a foreign forum is "adequate" even if it does not recognize the same causes of action—or award the same relief—as would an American court, *Palacios v. The Coca-Cola Co.*, 757 F. Supp. 2d 347, 357 (S.D.N.Y. 2010).

Here, Magistrate Judge Lehrburger is correct that Bulgaria is an available and adequate forum because: (1) the Fibank Defendants are amenable to suit in Bulgaria, R&R at 68; (2) a *forum non conveniens* dismissal can be contingent on "Bulgaria's willingness to hear the case," *id.* at 70–71;[10] (3) Bulgaria provides sufficiently "similar alternatives" to civil RICO, and, as the

---

[10] Plaintiffs argue that any *forum non conveniens* dismissal by this Court should "include express waivers of any statute of limitation" as a condition for dismissal. Obj. 90. It is true that "courts in this circuit routinely condition dismissal to foreign forums on the moving Defendant agreeing to waive its right to raise their statute of limitations defense upon arrival in its preferred forum." *Petersen Energia Inversora S.A.U. v. Argentine Republic,* 2020 WL 3034824, at *9, n.10 (S.D.N.Y. June 5, 2020). However, that conditional dismissal does not require waiver of *all* statute of limitations defenses, but merely waiver of any statute of limitations defenses that may have arisen *since the suit was filed. See, e.g.*, *Calavo Growers of California v. Generali Belgium*, 632 F.2d 963, 968 (2d Cir. 1980) ("[W]e think that the [*forum non conveniens*] dismissal also should have been conditioned upon an agreement by defendant underwriters . . . to waive any statute of limitations defense *that has arisen since the commencement of the action in the Southern District* . . . ." (emphasis added)); *see also, e.g.*, *Schertenleib v. Traum*, 589 F.2d 1156, 1166 (2d Cir. 1978) (similar); *Spahic v. Int'l Ctr. for Transitional Justice Inc.*, No.

Fibank Defendants demonstrate, there are "a number of causes of action that Plaintiffs could bring in Bulgarian courts to redress their alleged harm, including, but not limited to, tort claims, criminal claims, and breach of contract claims," *id.* at 72; and (4) although Plaintiffs have made generalized allegations concerning the Bulgarian judiciary's alleged "corruption," "Plaintiffs do not present evidence that Bulgarian judicial corruption . . . is specifically targeted at Plaintiffs," an "omission [that] is fatal to their claims," *id.* at 75.  Magistrate Judge Lehrburger also correctly noted that "[m]ultiple federal district courts have confirmed the 'adequacy' of the Bulgarian judicial system"—"including, most recently, the Northern District of Texas" in *Fibank I.  Id.* at 74 (citing *Fibank I*; *Stroitelstvo Bulgaria Ltd. v. Bulgarian-American Enterprise Fund,* 589 F.3d 417, 421–22 (7th Cir. 2009); and *Zeevi Holdings Ltd. v. Republic of Bulgaria*, No. 09 CIV. 8856 RJS, 2011 WL 1345155, at *7 (S.D.N.Y. Apr. 5, 2011)).

In response, Plaintiffs point to their March 27, 2020 supplemental letter, which alleged that "additional evidence" had "recently emerged" that "two Plaintiff declarants were targeted to silence, indispose, intimidate or otherwise make them unavailable in this matter."  Obj. 93; *see also* ECF 311.  But Magistrate Judge Lehrburger specifically found that the Plaintiffs' evidence "makes clear that any potential criminal prosecution is rooted in statements unrelated to this litigation," R&R at 76, and Plaintiffs fail to rebut that conclusion.  Plaintiffs also point to a June 19, 2020 disciplinary action against Boyko Atanassov for his alleged participation in the Plaintiffs' lawsuit, Obj. 93–94 (referencing Tomov Declaration, ECF 327, at ¶ 61, Tomov Declaration Ex. 5, ECF 327-5),[11] but mere allegations of government "harass[ment] and

---

18CV0057ALCRWL, 2019 WL 7605895, at *1 (S.D.N.Y. Apr. 25, 2019) (similar)*; In re Rezulin Prod. Liab. Litig.*, 214 F. Supp. 2d 396, 401 (S.D.N.Y. 2002) (similar).

[11] Plaintiffs fail to explain why they neglected to bring this document to Magistrate Judge Lehrburger's attention *before* he issued his Report and Recommendation on August 18, 2020. *See Azkour v. Little Rest Twelve, Inc.*, No. 10 CIV. 4132 RJS KNF, 2012 WL 1026730, at *2

intimidat[ion]" are not enough by themselves to make a forum unavailable, *see* R&R at 77 (citing *Zeevi Holdings Ltd.,* 2011 WL 1345155, at *7).  In short, this Court should adopt Magistrate Judge Lehrburger's conclusion, shared by numerous other courts, that Bulgaria is an available and adequate forum.

### C.    The Private and Public Interests Weigh in Favor of Dismissal

"Step three of *the forum non conveniens* analysis requires the Court to balance the public and private interest factors to determine whether the convenience of the parties and the ends of justice would best be served by dismissing the action." *BMR*, 92 F. Supp. 3d at 141 (quoting *Murray*, 81 F.3d at 293).  Magistrate Judge Lehrburger correctly determined that both the private and public interest factors weighed in favor of dismissal.

### 1.    The Private Interests Weigh in Favor of Dismissal

The private interest factors to consider are "[1] the relative access to sources of proof; [2] availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; [3] possibility of view of premises, if view would be appropriate to the action; and [4] all other practical problems that make trial of a case easy, expeditious and inexpensive." *BMR*, 92 F. Supp. 3d at 141 (quoting *Iragorri*, 274 F.3d at 73–74).  As Magistrate Judge Lehrburger found, "[t]he private interest factors clearly weigh in Defendants' favor here," as:  (1) "it is uncontested that this matter is centered on Bulgarian transactions between largely Bulgarian entities involving proceeds from the sale of Bulgarian land," and "Plaintiffs point to no documents, witnesses, or other information relevant to this matter that are more easily accessible in New York," R&R at 80; (2) "the witnesses for a

---

(S.D.N.Y. Mar. 27, 2012) ("'[C]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation' absent a compelling justification for failure to present such evidence to the magistrate judge."  (quoting *Tavares v. City of New York*, No. 08 Civ. 3782(PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011))).

potential trial . . . are Bulgarian citizens who are not subject to the compulsory process of this Court, but are subject to process of Bulgarian courts," *id.* at 81; and (3) "to the extent that any 'view' of the property underlying the [Silver Beach Project] would be relevant to Plaintiffs' claims, that factor would similarly favor conducting trial in Bulgaria, where the property is located," *id.*

In response, Plaintiffs cite three academic articles generally suggesting that cases dismissed for *forum non conveniens* are often not refiled in the foreign forum, and that "[t]he [general] history of dispositions of proceedings in Bulgaria . . . suggests that New York provides a more expeditious judicial process." Obj. 86–87. Both of these assertions, however—which concern cases generally—are non-sequiturs, because the "private interests" analysis concerns expeditiousness and efficiency with regard to *the specific case pending before the Court*. *See Iragorri*, 274 F.3d at 73–74. Plaintiffs also insist that some of the Defendants are based outside of Bulgaria—and that "many" (unspecified) witnesses are in the U.S. and Canada, Obj. 87—but fail to acknowledge that the vast majority of proof is located *in Bulgaria*, where the crux of the alleged activity took place. Finally, Magistrate Judge Lehrburger specifically addressed Plaintiffs' argument that "New York was [allegedly] the site of negotiations, relationships, and course of dealings between Plaintiffs and many Defendants, including the Fibank Defendants," Obj. 87, and rejected it on the basis that "Plaintiffs point to no [*specific*] documents, witnesses, or other information relevant to this matter that are more easily accessible in New York," R&R at 80. In short, the private interests weigh in favor of dismissal.

2.   The Public Interests Weigh in Favor of Dismissal

The public interest factors to consider are "[1] the administrative difficulties flowing from court congestion; [2] the local interest in having controversies decided at home; [3] the

interest in having the trial in a forum that is familiar with the law governing the action; [4] the avoidance of unnecessary problems in conflict of laws or in the application of forum law; and [5] the unfairness of burdening citizens in an unrelated forum with jury duty." *BMR*, 92 F. Supp. 3d at 141–42 (quoting *Murray*, 81 F.3d at 293).  Judge Lehrburger correctly concluded that these five factors weighed in favor of dismissal, as:  (1) the Southern District of New York "certainly 'has an interest in preventing unnecessary congestion of the court's docket' as it sits in 'one of the busiest districts in the country,'" and "[n]either party makes any such claim about the congestion of Bulgarian courts," R&R at 82 (quoting *BMR*, 92 F. Supp. 3d at 142); (2) "Plaintiffs and a significant number of Defendants are residents of Bulgaria, and the core events in dispute (i.e., the theft of the [Silver Beach Project] sale proceeds) took place in Bulgaria," which means that "Bulgaria has a significant interest in resolving this dispute," *id.*; (3 & 4) a New York court would almost certainly apply Bulgarian law to this dispute, given that the dispute "is anything but local to New York," thus "Bulgaria has a demonstrably stronger interest in this matter than New York," *id.* at 84; and (5) "the Supreme Court has admonished that 'jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation,'" *id.* at 85 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947)).

Plaintiffs claim in response that there is an "overwhelming New York fact connection" to this dispute, Obj. 88, but they fail to articulate why New York would possibly have *more* of an interest in adjudicating this Bulgaria-centric dispute than Bulgaria itself.  Plaintiffs also insist that certain contracts referenced in their Complaint contain New York choice-of-law provisions, Obj. 88–89, but neglect to mention that the Fibank Defendants were not parties to any of those contracts, *see* ECF 295, at 15.  Simply put, all of the relevant factors—both private and public—

cut in the Defendants' favor, and Magistrate Judge Lehrburger thus correctly determined that a dismissal on the basis of *forum non conveniens* is appropriate.

## III.   MAGISTRATE JUDGE LEHRBURGER PROPERLY DENIED PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY

As noted above, this Court may modify or set aside Magistrate Judge Lehrburger's jurisdictional discovery order only to the extent that the order "is clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a). It is neither.

To succeed in their request for jurisdictional discovery, Plaintiffs must identify "compelling reasons why discovery should be allowed" and "particular facts [they] would seek to adduce through such discovery or suggest how discovery could aid in this Court's jurisdictional inquiry." *See Royalty Network Inc. v. Dishant.com, LLC,* 638 F. Supp. 2d 410, 425 (S.D.N.Y. 2009). "[I]t is well settled that a plaintiff cannot put defendant through the costly process of discovery, even discovery limited to jurisdictional matters, simply because it thinks that it can probably show significant contact with the state of New York if discovery were to proceed." *Id.* at 425 (quotation marks and quotation source omitted).

In his order, Judge Lehrburger correctly noted that "Plaintiffs offer th[e] Court little guidance on what particular facts they hope to adduce from their proposed jurisdictional discovery, largely resting on the assumption that responsive documents 'would further strengthen Plaintiffs' basis for personal jurisdiction' over the respective defendants by highlighting additional contacts with the United States." R&R at 92. He further found that Plaintiffs have identified no particular contacts between the Fibank Defendants and the U.S. which would help shore up the case for specific jurisdiction, *id.* at 93, and that Plaintiffs' requests were "overly broad," *id.* at 94. In short, Judge Lehrburger properly concluded that "[i]t is impossible to deduce how the materials requested will serve any function other than to 'allow Plaintiffs to

embark on a jurisdictional mining expedition,' which should not be permitted." *Id.* at 95 (quoting *In re Platinum and Palladium Antitrust Litigation,* 2017 WL 1169626, at *50).

Plaintiffs have no serious response to Judge Lehrburger's careful analysis. Plaintiffs repeatedly insist that their discovery requests are not "fishing expeditions"—citing, oddly, an inapposite case concerning grand jury subpoenas, *see* Obj. 101 (quoting *Trump v. Vance,* 2020 WL 4861980 (S.D.N.Y. Aug. 20, 2020))—yet to this day have failed to identify any plausible, jurisdictionally relevant U.S-based contacts for the Fibank Defendants that they believe discovery will reveal. Plaintiffs also conclusorily state that they have "established a prima facie case of personal jurisdiction," Obj. 98, without even *attempting* to rebut Judge Lehrburger's carefully reasoned analysis to the contrary. Ultimately, Judge Lehrburger correctly stated the relevant law and applied a rigorous analysis; his order was therefore not "clearly erroneous or . . . contrary to law," Fed. R. Civ. P. 72(a), and this Court should not disturb it.

## CONCLUSION

The Fibank Defendants urge the Court to adopt Magistrate Judge Lehrburger's recommendation to dismiss the Plaintiffs' Complaint against the Fibank Defendants for lack of personal jurisdiction, or, in the alternative, to dismiss based on *forum non conveniens*. As the procedural history reflects, Plaintiffs have failed in numerous attempts to make their case, and any further amendment would be futile. Accordingly, the Fibank Defendants request that the Complaint be dismissed *with prejudice* to refiling in the United States. The Court should also refrain from disturbing Magistrate Judge Lehrburger's recommendation to dismiss Plaintiffs' motion for jurisdictional discovery.

ARNOLD & PORTER KAYE SCHOLER LLP

By:    /s/ David B. Bergman
        E. Whitney Debevoise
        David B. Bergman
        ARNOLD & PORTER KAYE SCHOLER LLP
        601 Massachusetts Ave., NW
        Washington, DC 20001-3743
        202.942.5000
        202.942.5999 (fax)

        Avishai D. Don
        ARNOLD & PORTER KAYE SCHOLER LLP
        250 West 55th Street
        New York, NY 10019
        212.836.8000
        212.836.8689 (fax)

        *Attorneys for Defendants First Investment
        Bank, AD, Tseko Todorov Minev, and Ivailo
        Dimitrov Mutafchiev*

Dated:  September 15, 2020

19