UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RUDERSDAL, EOOD, et al.**   )<br>                                                )<br>              **Plaintiffs,**        )<br>                                                )<br> v.                                         )<br>                                                )<br>                                                )<br> **PHILIP ROBERT HARRIS, et al.** )<br>                                                )<br>              **Defendants.**       )<br>                                                )<br>                                                ) | Case No. 1:18-cv-11072 (GHW-RWL)<br>[rel. 1:19-cv-01762 (STAYED)] |

**PLAINTIFFS' REPLY TO DEFENDANT'S BULGARIAN NATIONAL BANK'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE SECOND REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE LEHRBUERGER**


Dated: April 9, 2021                                   Respectfully submitted,


                                                                        /s/ Sylvia J. Rolinski
                                                                        Sylvia J. Rolinski, Esq.
                                                                        SDNY Bar Code: SR 7798
                                                                        14915 River Road
                                                                        Potomac, M.D. 20854
                                                                        Telephone: (301) 987-0202
                                                                        Facsimile: (301) 263-7100
                                                                        SJR@Rolinski.com
                                                                        *Counsel for Plaintiffs*

**TABLE OF CONTENT:**

**TABLE OF AUTHORITIES** ............................................................................................................ **iii**

**I.   CONSPIRACY JURSIDICTION VESTS AS TO BULGARIAN NATIONAL BANK .2**

**II.   SEVERENCE IS UNWARRANTED AND NOT APPROPERATE SOLELY TO FACILIATE  DISMISSAL BASED ON** *FORUM NON CONVENIENS* ...................................6

**CONCLUSION** ........................................................................................................................7

## TABLE OF AUTHORITIES

**Cases**

*Charles Schwab Corp. v. Bank of Am. Corp.*,
  883 F.3d 68 (2d Cir. 2018) ...................................................................................................2

*Deskovic v. City of Peekskill*,
  673 F. Supp. 2d 154 (S.D.N.Y. 2006) ...................................................................................4

*Filler v. Hanvit Bank*,
  378 F.3d 213 (2d Cir. 2004) ...................................................................................................5

*Jem Accessories, Inc. v. JVCKENWOOD USA Corp.*,
  2021 WL 706646 (S.D.N.Y. Feb. 22, 2021) ..........................................................................7

*Second Report on Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.*,
  806 F.Supp. 2d 712 (S.D.N.Y. 2011) .....................................................................................7

*United States v. Pirro*, 76 F.Supp. 478 (S.D.N.Y. 1999) ..................................................................6

*Viada v. Osaka Health Spa, Inc.*,
  235 F.R.D. 55 (S.D.N.Y. 2006) ..............................................................................................4

**Statutes**
99-112 paras 473-535 ...................................................................................................................5

Bankruptcy Code ..........................................................................................................................3

Immunity Act .................................................................................................................................2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RUDERSDAL, EOOD, et al.** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-11072 (GHW-RWL) |
| ) | [rel. 1:19-cv-01762 (STAYED)] |
| ) | |
| **PHILIP ROBERT HARRIS, et al.** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFFS' REPLY TO DEFENDANT'S BULGARIAN NATIONAL BANK'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE SECOND REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE LEHRBUERGER**

COME NOW Plaintiffs, Rudersdal, EEOD, (hereinafter "Rudersdal"); All Seas Property 2, OOD (hereinafter "All Seas 2" or "ASP2"); Asset Management, EAD (hereinafter "Asset Management"); and Zahari Tomov (hereinafter "Tomov") (both individually and in his capacity as Special Counsel to the U.S. Trustee in the action involving Defendant Ayr Logistics Limited, Inc. (hereinafter "Ayr") filed in U.S. Bankruptcy Court) (hereinafter collectively "Plaintiffs" or "Ayr's Creditors") by and through undersigned counsel, submit this Reply to Defendant Bulgarian National Bank's  (hereinafter "BNB") Memorandum In Response To Plaintiff's Objections To The Second Report and Recommendation of Magistrate Judge Lehrburger filed March 29, 2001, ECF 400.  The Second Report and Recommendation of Magistrate Judge Lehrburger was filed on February 27, 2021, ECF 389 (hereinafter "the Report "or "Second Report").

For the reasons set forth below, the Second Report should not be adopted,  BNB's Motion to Dismiss should be denied, conspiracy jurisdiction pursuant to Fed.R.Civ.P. (4)(k)(2)

and *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68 (2d Cir. 2018) should be found as to BNB as with the remaining defendants and the matter should be referred to the Magistrate Judge with instructions.

**I.    CONSPIRACY JURSIDICTION VESTS AS TO BULGARIAN NATIONAL BANK**

Plaintiffs have pled that BNB was a key co-conspirator in the diversion of the initial Three Bank Loans[1]. Plaintiffs pled that BNB was a key co-conspirator in the taking of the $65M -The Funds. Without BNB's actions, participation and consent to the conspiracy the other co-conspirators would have been unable to join in the illicit taking and this lawsuit would not have been brought.

However, due to the specific allegations in the SAC, ECF 230, as to BNB's acts in furtherance of the conspiracy[2], the Foreign Sovereign Immunity Act (hereinafter "FSIA") 28 U.S.C. sec. 1605 should provide no shield to BNB from Rule (4)(k)(2) conspiracy jurisdiction. Its actions were outside of any protected status or role set forth by statute or definition.

"None of the managerial decisions or measures taken … fit the definition…" of BNB's mandate. Declaration Kolio Paramov dated June 22, 2019 para. 38. "The managerial mechanism so applied [by BNB] however is in breach of the provision of Art.111 (1) LCI. *Id.*, at Para 39. BNB and BNB's Conservators actions clash with the nature of conservatorship and defeats its primary purposes…" *Id.*, at para 40. *See* also Declaration Vera Akhundova dated June 25, 2019 para. 42.[3] Multiple Declarations submitted by Plaintiff are replete with concrete examples that BNB's actions are outside of its mandate, engaged in activity that equates to third

---

[1] Plaintiffs use the same acronyms cited in its Objections to Magistrate Lehrbuger's Second Report- ECF 392.
[2] By example, SAC ECF 230 Paras. 139, 142, 143, 154, 193, 204-5, 388 f and g, 615-629,
[3] Deposits with CorpBank were grossly mismanaged because BNB violated the rule in Art.116 (3) LCI, according to which BNB may only restrict depositor's access to their deposit accounts and the monies there for 5 (five) business days only. BNB not only allowed but even encouraged the malpractice of deposit-trading for the sole benefit of certain CorpBank's debtors that misappropriated other's money and used it to repay their own debts to CorpBank.

party behavior, joining with and along with its co-conspirators. This is further exemplified by the fact that The Funds were subject to court oversight, disregarded by BNB and which jointly orchestrated with co-conspirators actions to enable the taking of said Funds. *See* Declaration Daniel Bozhilov dated November 13, 2019 paras 22[4] and 38[5]. Not only did BNB (and BNB Conservators) breach their obligations, *Id.,* at para 48, but they acted outside of their mandate resulting in behavior consistent with a commercial third party. *Id.*, at para 79.[6]

The Funds are a judicial estate asset and subject to judicial oversight in the U.S. Bankruptcy proceedings, as well as in the Bulgarian APD bankruptcy proceedings, as a U.S. company asset, namely, Ayr's asset. BNB acted without court authorization which is inconsistent with its mandate and acting outside of its authority, thus making FSIA inapplicable. *See* Declaration of Maria Nakov dated October 24, 2019 paras 54-c, 54-d and 54-i.

Accordingly, BNB's actions in this case are analogous to the commercial activity exception to the FSIA whereby a foreign entity is stripped of FSIA's shield when it engages in acts inconsistent with its protected status which are commercial in nature. As Plaintiffs

---

[4] ***Fourth***, APD's bank accounts with CorpBank and the money deposited under court supervision and for safe-keeping (the money paid by FiBank for the purchase of Ayr's SB Project lands) were to be managed pursuant to the rulings/orders of APD Bankruptcy Court: (1) Ruling No.38 of February 14, 2013, authorizing APD's Trustee to make electronic payments limited solely to bankruptcy expenses, **Exhibit 8**, and (2) Ruling No. 304 dated July 11, 2014, authorizing the transfer of the money from CorpBank into the Bulgarian Development Bank, **Exhibit 9**. APD Bankruptcy Court had not issued any other acts in that regard concerning how the money deposited at CorpBank should be managed and used, moreover any acts authorizing the Defendants to carry out the actions, which lead to reducing the balance of APD bank accounts with CorpBank to zero and their consequent closing.

[5] The facts in the case of APD's bank accounts with CorpBank clearly and unequivocally show that these bank accounts fall within the authority of the Bankruptcy Court and the money deposited there in the amount of BGN 102,966,946 (USD 65,584,038 per BNB's exchange rate as of December 1, 2014) enjoy the status of U.S. capital, hence fall within the reach of FATCA, and since October 10, 2014 were subject to automatic stay under the U.S. Bankruptcy Code.

[6] Managerial activities carried out during the period of conservatorship are not administrative activities, unlike the supervision powers, which BNB exercises. Conservators' relations with the bank customers are of neither administrative nor hierarchical nature where side one is the authority and the other is the subordinate. In the cases to which international rules for fighting money-laundering activities, corruption and transnational organized crime apply, where BNB and the Conservators act as administrators of those rules. Therefore, each and any right, claim, obligation or liability arising from the management of CorpBank by BNB is determined by a signed agreement or contract and its terms and clauses; the laws against money-laundering corruption and transnational organized crime.

Declarants[7] have set forth, BNB acted far outside of its mandate in this instance. Therefore, BNB should not be afforded any FSIA protection when its conduct is outside of its mandate and it was a co-conspirator in the single conspiracy before this Court.

The FSIA is not intended to shield corruption or conspiracy jurisdiction under Rule (4)(k)(2). The Court with fresh eyes should look to BNB's overt conspiratorial acts and exception to its mandate as the basis to extend conspiracy jurisdiction over it. Contrary to Defendants assertion, Plaintiff has consistently pled and argued that the facts at this pleading stage support a finding that BNB was a co-conspirator acting with exception to the FSIA protection. When two experts on opposing sides assert contrary position, it is not for the Magistrate Judge to choose which position is correct. That action rests with the trier of the facts and "where there has not been a trial and no facts developed during pretrial discovery phase of the litigation …the Court is required to accept the [factual] allegations made by the plaintiffs in the complaint and assume that all the matters alleged by them in the complaint are true and provable." *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2006)(citing *Viada v. Osaka Health Spa, Inc.*, 235 F.R.D. 55, 61 (S.D.N.Y. 2006). Accordingly, Plaintiffs' facts are to be deemed true and any inference is to weigh in favor of Plaintiff, any inference otherwise is contrary to controlling law.

Indeed, Plaintiffs specifically objected to Magistrate Judge Lehburger's findings as to BNB. It is axiomatic that if conspiracy jurisdiction attaches, it would attach to BNB based on BNB's overt specific acts as pled in the SAC despite FSIA. Similarly, BNB's assertion that Plaintiffs' conspiracy allegations as to BNB are wholly conclusory and that Plaintiffs conflate BNB with the [BNB] Conservators" is misplaced. Opposition ECF 400 at 8-9. BNB appointed

---

[7] Declaration Kolio Paramov dated June 22, 2019; Daniel Bozhilov dated November 13, 2019; Declaration Vera Akhundova dated June 25, 2019; and Declaration of Maria Nakov dated October 24, 2019.

4

the Conservators, supervised and approved all of their actions.  BNB authorized and acquiesced in the actions of the Conservators who enabled the unauthorized transfer of The Funds among other specifically pled BNB actions in the conspiracy.

Conspiracy jurisdiction attached in this case by analogy where the court found in *Harold Brown, Sr. et al. v. National Bank of Pakistan*, No. 19 CIV. 11876 (AKH), 2021 WL 135239, at *1 (S.D.N.Y. Jan. 13, 2021) that "indirect ownership is insufficient to invoke FSIA immunity". *See also Filler v. Hanvit Bank,* 378 F.3d 213, 215-16 (2d Cir. 2004) (majority ownership of a bank by an organ of the Republic of Korea but controlled by the Korean Ministry of Finance and the Economy of the Republic of Korea constitutes indirect ownership and does not qualify for immunity under the FSIA).

Magistrate Judge Lehrburger concedes that "one of Plaintiffs' federal claims is a federal RICO claim".  Second Report at 40.  Therefore, it is axiomatic that this federal RICO claim serves as the basis of Rule (4)(k)(2) conspiracy jurisdiction which would attach to the defendants, including BNB.  Magistrate Judge Lehrburger erred when he concluded that "Plaintiffs  do not identify what federal claim would be the basis for Rule 4(k)(2) jurisdiction…" Second Report at 39-40 and BNB's Opposition ECF 400 at 8 n.4.  Instead, Plaintiffs SAC,[8] ECF 230, in 63 specific paragraphs of averments over 12 pages[9] plus 211 paragraphs (48 total pages) of detailed factual averments lay out the RICO federal claim and its link to the conspiracy in detail.  These averments are sufficient and Plaintiffs have met their pleading burden for conspiracy jurisdiction consideration "tying them to a particular federal claim", namely, RICO.

---

[8] Plaintiffs use the same acronyms cited in Plaintiffs Objections to Magistrate Judge Lehrbuger's Second Report- ECF 392.
[9] SAC ECF 230 at 99-112 paras 473-535.

Also, BNB is incorrect in attempting to assert that Plaintiffs are somehow "using" the Non-Consenting Defendants as "another attempt" to manufacture jurisdiction in this case. Defendants Harriott, Angelov, Grant Capital, Blue Finance and All Seas Management have made abundantly clear for varying reasons that they do not consent to jurisdiction in Bulgaria based on, *inter alia*, contractual detrimental reliance, choice of forum (not forum shopping), corruption, risk to themselves, well documented Bulgarian judicial corruption, and lack of rule of law in Bulgaria.[10] Additionally, Defendants Harriott, Angelov, Grant Capital, Blue Finance and All Seas Management have submitted Declarations based on facts and truth in contravention of assertions made by various Defendants in this case. In life, as in law, truth matters. It seems for Harriott, Angelov and their respective entities, the time of truth has arrived.

Accordingly, Magistrate Judge Lehrburger's finding that conspiracy jurisdiction as to BNB does not attached should be rejected.

## II. SEVERENCE IS UNWARRANTED AND NOT APPROPRATE SOLELY TO FACILIATE  DISMISSAL BASED ON *FORUM NON CONVENIENS*

Plaintiffs have pled in the SAC that the facts and defendants are part of one rolling conspiracy. Therefore, severance into two groups imposes an impossible burden on Plaintiffs, as well as the severed Defendants, and does not serve the administration of justice for any of the parties. *See United States v. Pirro*, 76 F.Supp. 478, 487 (S.D.N.Y. 1999)(listing factors to weigh as: burdens of separate trials, duplication of resources, risk of inconsistent verdicts, substantial inconvenience to witnesses).

BNB is completely silent in its opposition to Plaintiffs Objections as to its failure to meet its burden of proof on the severance factors, namely: judicial economy; prejudice to the parties;

---

[10] *See* Exhibit I, U.S. Department of State Bulgaria 2020 Human Rights Report Pg. 1, 3, 7, 9, 11, 19, 22, 27, 35, 36.

and different witnesses and evidence and that meeting one factor is insufficient. *See Jem Accessories, Inc. v. JVCKENWOOD USA Corp.*, 2021 WL 706646, at *4 (S.D.N.Y. Feb. 22, 2021).

As Magistrate Judge Lehrburger's reliance in the Second Report on *Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.*, 806 F.Supp. 2d 712 (S.D.N.Y. 2011) was misplaced so too is BNB's.  *See* Plaintiffs' Objection ECF 392 at 71-72.  BNB is mentioned 141times in dozens of paragraphs in the SAC in contrast to *Erausquin* where the court found DiPascali was "mentioned only twice in cursory fashion…" *Erausquin*, at 720.  BNB contorts *Erausquin* trying to bend its discussion of nominal defendants as applicable to the instant case.  However, *Erausquin* turned on scant facts.  This is not the so in the instant case and therefore, the Second Report erred in its reliance on *Erausquin* for it is inapposite.

Magistrate Judge Lehrburger's factual interpretation discounts that defendants are part of one conspiracy to accomplish that same goal from inception.  Therefore, this cannot be the basis for severance.

Finally, BNB joins in and adopts the FIB Defendants memorandum in response to Plaintiffs Objections (ECF 395) and in particular as to the Court's *forum non conveniens* ruling.  Accordingly, in response thereto, Plaintiffs refer this Court to Plaintiffs' Reply to the FiBank Defendants' Memorandum of Law in Opposition to Objections to Magistrate Judge Lehrburger's February 27, 2021 Report and Recommendation.

## CONCLUSION

For all these presents, and the foregoing reasons, Plaintiffs respectfully object to Magistrate Judge Lehrburger's Second Report and Recommendation based on the specific errors of fact stated herein and that the recommendations are contrary to law.  Specifically, as to the

Bulgarian National Bank, the Court should decline to follow the Second Report and deny BNB's Motion to Dismiss.

The Court should find that the conspiracy jurisdiction under Rule (4)(k)(2) and under *Schwab* is found as to all defendants, including the Bulgarian National Bank, and the claims should not be severed into two groups, rather, all defendants should respond to Plaintiffs Third Amended Complaint.

For all the foregoing reasons in law and fact, the Court must reject the recommended dispositions of the Second Report and return the matter to Magistrate Judge Lehrburger with instructions.

Dated: April 9, 2021                                         Respectfully submitted,

                                                             /s/ Sylvia J. Rolinski
                                                             Sylvia J. Rolinski, Esq.
                                                             SDNY Bar Code: SR 7798
                                                             14915 River Road
                                                             Potomac, M.D. 20854
                                                             Telephone: (301) 987-0202
                                                             Facsimile: (301) 263-7100
                                                             SJR@Rolinski.com
                                                             *Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of April 2021, a copy was filed of the foregoing Reply to Defendant's Memorandum of Law in Opposition to Plaintiff's Objections and Brief to Magistrate Judge Robert W. Lehrburger's Second Report and Recommendation to the Honorable Gregory H. Woods filed February 27, 2021 and served electronically using the CM/ECF system which will send a notice of electronic filing to all counsel of record and as noted below as follows:

Chambers of the Honorable Gregory H. Woods- via email
WOODSNYSDCHAMBERS@NYSD.USCOURTS.GOV
United State Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Chambers of the Honorable Robert W. Lehrburger- via email
LEHRBURGER_NYSDCHAMBERS@NYSD.USCOURTS.GOV
United State Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Philip Harris – USPS
459 Chippendale Drive
Rockwell, TX 75032

/s/ Sylvia J. Rolinski
Sylvia J. Rolinski, Esq.
SDNY Bar Code: SR 7798
Rolinski Law Group, LLC
14915 River Road
Potomac, M.D. 20854
Telephone: (301) 987-0202
Facsimile: (301) 263-7100
SJR@rolinski.com
*Counsel for Plaintiffs*