# Morgan Lewis

**Kenneth I. Schacter**
Partner
+1.212.309.6865
kenneth.schacter@morganlewis.com

June 21, 2021

**VIA ECF**

Hon. Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *Rudersdal, EOOD et al. v. Harris et al.,* No. 18-cv-11072-GHW

Dear Judge Woods:

We are counsel for defendants Delyan Peevski and Intrust PLC, f/k/a NSN Investment, EOOD ("Intrust") (collectively, the "Peevski Defendants").  We write in response to Plaintiffs' June 15, 2021 letter to the Court (Dkt. 413) (the "Letter") concerning the recent administrative action by the U.S. Department of the Treasury, Office of Foreign Assets Control ("OFAC").

First, Plaintiffs' statement that the Peevski Defendants do not "object to the [OFAC] actions and basis for the sanctions" (Letter at 1) is incorrect.  Mr. Peevski vigorously disputes the decision and notified OFAC last week that he will be filing a petition for reconsideration.

Second, Plaintiffs' speculation that the OFAC action impacts our firm's ability to represent the Peevski Defendants in this action (Letter at 1) is also mistaken.  The applicable sanctions regulations, 31 C.F.R. part 583, provide general licenses for the provision of certain legal services, including "[r]epresentation of persons named as defendants in or otherwise made parties to legal, arbitration, or administrative proceedings before any U.S. federal, state, or local court or agency."  31 C.F.R. § 583.206(a)(2).

Third, nothing in Plaintiffs' Letter is relevant to whether the *Schwab* conspiracy theory of jurisdiction is applicable here.  Indeed, the only supposed "conspiracy" mentioned in Plaintiffs' Letter is an alleged "conspiracy with government instrumentalities"—*i.e.*, *Bulgarian* government instrumentalities—"in the taking of $65M…."  Letter at 1.  Neither the Letter nor the OFAC press release (Dkt. 408, Ex. 1) refer to actions by anyone in the United States, much less any such actions with a nexus to Plaintiffs' claims.

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY 10178-0060   T +1.212.309.6000
United States              F +1.212.309.6001

DB2/ 41095986.1

Hon. Gregory H. Woods
June 21, 2021
Page 2

Fourth, Plaintiffs incorrectly assert that the OFAC action should cause this Court to conduct a "reevaluation" of its conclusion that Bulgaria is an adequate alternative forum. Memorandum Opinion and Order (the "Opinion") (Dkt. 356) at 22-23. Setting aside that the Letter is not an appropriate procedural mechanism for seeking reconsideration of the Opinion, Plaintiffs' argument fails on the merits. Whether or not the OFAC action supports Plaintiffs' generalized claims of "corruption in Bulgaria" (Letter at 2)—and, as noted above, Mr. Peevski strongly disagrees with and will challenge OFAC's action—that is not enough to show that the judiciary of Bulgaria is incapable of adjudicating this dispute. As this Court held, "[t]o establish that a foreign forum is inadequate, a party must show evidence of corruption specifically targeted at a party rather than make broad claims about the judicial system as a whole." Opinion at 22 (cleaned up). Because nothing in the OFAC release demonstrates corruption in the Bulgarian judiciary "specifically target[ing]" the Plaintiffs, the OFAC action "do[es] not rise to the level necessary to declare Bulgaria an inadequate alternate forum." *Id*. at 23.

Thank you for your attention to this matter.

Respectfully,

*/s/ Kenneth I. Schacter*

Kenneth I. Schacter

cc:   All counsel of record (via ECF)