```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
RUDERSDAL, EEOD, et al.,                                          :
                                                                  :
                                          Plaintiffs,             :    1:18-cv-11072-GHW-RWL
                                                                  :
                   -v -                                           :    ORDER
                                                                  :
PHILIP ROBERT HARRIS, et al.,                                     :
                                                                  :
                                          Defendants.             :
                                                                  :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/4/2023

GREGORY H. WOODS, United States District Judge:

On May 1, 2023, Plaintiffs filed a Motion to Stay or in the Alternative to Dismiss Defendants Stanislav Georgiev Lyutov and Elena Zdravkova Kostadinchev and Select Defendants (the "Motion"). Dkt. No. 448. Plaintiffs' Motion does not discuss the legal standards applicable to a request for a stay, nor does the Motion adequately explain why a stay would be appropriate here.

The Court therefore turns to Plaintiffs' request for dismissal under Federal Rule of Civil Procedure 41(a)(2). The Court dismissed defendants Lyutov and Kostadinchev, among other defendants, for *forum non conveniens*. Dkt. No. 422. In the Motion, Plaintiffs now ask the Court to dismiss this action without prejudice and without fees or costs as to the remaining defendants, Ayr Logistics Limited, Inc.; Anthony Dennis Harriott; Grant Capital Investments, Ltd.; Chavdar Angelov Angelov; All Seas Management, Ltd.; and Blue Finance Limited.

"[The presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Gap, Inc. v. Stone Int'l Trading, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y.) (citations omitted), *aff'd,* 125 F.3d 845 (2d Cir. 1997). When deciding whether to dismiss under Rule 41(a)(2), courts consider the following factors: "(1) the plaintiff's diligence in bringing the motion; (2) any 'undue vexatiousness' on plaintiff's part; (3) the extent to which the suit has progressed, including the defendant's effort and expense in

preparing for trial; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss." *Id.* (citing *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)). "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011).

The first factor weighs slightly against dismissal. A significant period elapsed in this case without activity, and Plaintiffs filed the Motion only after being prodded into action by the Court. The second factor favors dismissal. There is no "concrete evidence" of any ill motive, nor is any ill motive apparent from the face of the record. *See Doe v. Grindr, LLC*, No. 21CV4589AMDPK, 2022 WL 3139101, at *6 (E.D.N.Y. Aug. 5, 2022) (citation omitted). The third factor—the progress of the case—weighs overwhelmingly in favor of dismissal. Although this action has been pending for over four years, it has been dormant for a substantial part of this time, and trial is nowhere near the horizon. *See Gap*, 169 F.R.D. at 588 (finding support for dismissal of a nearly four-year-old case that included a period of dormancy and where the case was "far from being on the 'eve of trial'"). Also significant is that these defendants have not actively litigated this case. While there has been some motion practice in this case, much of that work would likely narrow the issues or be subject to recycling in a future case. The fourth factor thus supports dismissal. *See Gaffos, Inc. v. Designer Optics Corp.*, No. 20CV5783EKRER, 2022 WL 2467539, at *8 (E.D.N.Y. Mar. 23, 2022) (noting that courts "routinely" find support for the fourth factor, despite possible relitigation, where work product could benefit the potential future action), *report and recommendation adopted,* No. 20-CV-5783(EK)(RER), 2022 WL 2467472 (E.D.N.Y. June 6, 2022). The fifth factor also supports dismissal: Plaintiffs' explanation of the justification for the need to dismiss is sufficient in light of the overwhelming other justifications for the dismissal of the remaining claims in this action.

Having considered the above factors, and under the present circumstances, the Court finds dismissal without prejudice and without fees or costs appropriate. The Court therefore grants

Plaintiffs' request to dismiss without prejudice and without fees or costs. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 448 and to close this case.

    SO ORDERED.

Dated: May 4, 2023
       New York, New York

                                              GREGORY H. WOODS
                                             United States District Judge